■ DAVID SKY, Appellant, v KALMAN R. KAHAN-FRANKL, Respondent. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered January 31, 1974, in favor of defendant, upon a jury verdict, following a trial as to the issue of liability. Judgment reversed, on the law, and new trial granted, with costs to abide the event. This appeal presented no questions of fact. Plaintiff sustained an injury when struck in the eye by wire while defendant was allegedly trying to untangle the wire from a coil. At the trial, defense counsel was erroneously permitted to cross-examine plaintiff as to a recovery had by him in a medical malpractice action growing out of this incident (see CPLR 4533-b). The court further erred in charging the jury that it could consider such recovery in assessing plaintiff's credibility. It was also error for the trial court to charge that defendant owed plaintiff "only a slight degree of care" and that there could be no liability except for wanton and reckless conduct. Defendant, although a volunteer, was under a duty to act reasonably (Glanzer v Shepard, 233 NY

236, 239). Should defendant not testify at the new trial, plaintiff's attorney should be permitted to comment, in summation, on his failure to take the stand *(Matter of Association of Bar of City of N.Y. v Randel,* 158 NY 216, 219). Latham, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.