■ FRANCES LOWENSTEIN, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant.—In a medical malpractice action, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered July 6, 1973, in favor of defendants, upon a jury verdict in favor of defendant City of New York. Judgment reversed, on the law, and new trial granted as between plaintiff and the city, with costs to abide the event. Questions of fact have not been considered. Plaintiff sustained injuries on April 15, 1968 when she was struck by an automobile while crossing the street. She was taken to Kings County Hospital where she was examined and X rays were taken. Thereafter, she was given a tetanus shot and oral medication and was sent home. On April 18, 1968, plaintiff was admitted to Brookdale Hospital. A fractured pelvis, total arterial occlusions in her legs and a compartment syndrome (muscle damage) were diagnosed; immediate surgery was undertaken to open up the affected arteries and to relieve the pressure on the muscles in her legs. Upon the trial of plaintiff's claim against the city based upon its alleged medical malpractice in failing to diagnose the extent of plaintiff's injuries or to admit her to the hospital for observation, the trial court erred in permitting defense counsel to inform the jury of plaintiff's prior six-figure settlement with the owner and driver of the car. Proof of such prior payment, offered in mitigation of damages, should have been received out of the hearing of the jury. It was for the trial court alone to determine the effect of that settlement upon any damages which might have been awarded to plaintiff against the city (CPLR 4533-b; see *Sky v Kahan-Frankl,* 47 AD2d 939; cf. *Abernethy v Azzoni,* 78 Misc 2d 832). The trial court compounded its error in its instructions to the jury as to the effect of the prior settlement. It improperly charged the jury that the amount of the settlement was simply to be deducted from the full value of the case, with no differentiation made between the initial injuries and their aggravation. It also erred in framing the issue, at some points, as whether plaintiff "was already paid enough". Finally, we find that the charge was deficient and confusing as it placed major emphasis upon the garden variety theory of negligence, with an explanation of malpractice given virtually as an afterthought. The charge also failed to thoroughly explain the nature of the city's liability, if any, as a successive tort-feasor, and the doctrine of aggravated damages. The judgment improperly reflects that the jury's verdict was in favor of defendant James Manhart as well as in favor of the city. In fact, the action had been discontinued as against defendant Man-

hart. Rabin, Acting P. J., Martuscello, Latham, Margett and Munder, JJ., concur.