■ JORE MIOCIC et al., Appellants, v RUSSELL E. WINTERS et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered January 3, 1978, which was in defendants' favor, after a jury trial

limited to the issue of liability only. Judgment reversed, on the law and as a matter of discretion, and new trial granted, with costs to abide the event. Plaintiffs-appellants claim that the court's charge to the jury as to contributory negligence was improper—especially in view of the highlighting of one of the issues due to the court's submission of a written interrogatory thereon. The motor vehicle accident which forms the basis for this action occurred some distance south of the New Rochelle tollgate in the left-hand southbound lane (hereafter lane three) of the New England Thruway (the lane near the center divider of the highway). Plaintiff's vehicle became disabled while partly in the third and center lanes. The southbound lanes are separated from the northbound lanes by a raised divider (with a curb on either side), which has a metal guardrail in the center. Although pictures of the divider were admitted into evidence, there was none with a ruler showing the exact footage from the guardrail to the curb. Plaintiffs' witnesses estimated the distance as one and one-half to two feet. Defendants' witnesses estimated it variously at one and one-half, two, and two and one-half feet or more. This is important on the issue of whether plaintiff Jore Miocic (hereafter plaintiff), who was struck while walking toward his car after it had become disabled, was contributorily negligent because he was walking with his left foot on the divider and his right foot on the roadway. Plaintiff claimed the distance from the guardrail to the curb was too narrow for him to walk with both feet on the divider. Plaintiff was in this predicament because of the following facts: On the rainy night of May 15, 1973, at about 10:30 P.M., plaintiff was proceeding in the third southbound lane of the New England Thruway in his 1972 Opel. He testified that he was cut off by another vehicle and that he applied his brakes but lost control of his automobile, so that it hit the center guardrail, made an almost complete about face and ended up with its rear near the divider and its front protruding into the center lane, facing north-northwest. The Opel's headlights were functioning and were left on; the motor was running after this incident, but a break in the gas pedal rendered the vehicle inoperable. According to plaintiff he remained in his car for one-half to one minute after it came to a halt, during which time a truck stopped in lane three, within 10 or 11 feet of the front of his Opel, and then pulled out to the right. Plaintiff did not talk to the truck driver. Plaintiff testified that while the truck was pulling out to the right, he alighted from his car with a two-piece orange raingear which he donned outside. He then walked north for a distance of 20 meters in front of his disabled vehicle with his right foot on the divider and his left foot on the road because of the narrowness of the divider. He positioned himself two and one-half to three feet away from the divider for the purpose of waving off oncoming traffic. However, no southbound vehicles came along in lane three during the five minutes he remained at that location. Plaintiff testified that while he was standing in lane three, a second truck came along, this time in the center lane and stopped abreast of him at the 20-meter distance. Plaintiff talked to the driver of this second truck for about a minute and intermittently looked to the north to see that lane three remained empty. The second truck driver, with his truck still in the center lane, suggested that plaintiff raise the hood of his car. As this second truck started off to its right, plaintiff turned south and headed in the direction of his car with his back to oncoming southbound traffic. He walked with one foot on the divider and one in lane three in the same manner in which he had proceeded northerly from his car. He stated that after he had taken three or four steps, he remembered nothing else until he woke up in the hospital. He testified that he had been walking a

"couple of seconds" before he was hit. He testified that he may have looked around once or twice while taking those three or four steps and saw no traffic coming. He said "seconds" elapsed from his last look to the time of the accident. He never saw the car that hit him. At the trial defendants' attorneys sought to establish that the distance from the guardrail to the curb of the divider was wide enough for plaintiff to fully walk on—whereas plaintiff claimed it was not. (Presumably, if he had been walking entirely on the island he would not have been struck.) The trial court's charge to the jury, *inter alia,* required that the jury submit written answers to written interrogatories, one of which inquired whether plaintiff had established that the distance from the guardrail to the curb was *not* wide enough for him to walk or stand on normally. This was in addition to the court's request for a general verdict (see CPLR 4111, subd [c]). Specifically, Question No. 2 was: "Has the plaintiff established that the center divider was not wide enough so that he could not walk or stand on it normally?" (The jury, in addition to rendering a general verdict for defendants, answered "No" to Question No. 2 [i.e., that plaintiff had not so established].) Plaintiffs' counsel objected to that issue being separately given to the jury on the ground that the court was making it "the determinant in this case." The court explained its action as follows: "there's a serious question in this case and it has been argued by your oponent *[sic]* during the course of the trial that the Plaintiff is guilty of contributory negligence as a matter of law in that he did not avail himself of a safer place than in the middle of the road, and it's my thought that when the case goes to the Appellate Division, as this case might very well go, that they should have a determination of that fact." After instructing the jury as to the provisions of subdivision (b) of section 1156 of the Vehicle and Traffic Law ("Pedestrians on roadways"), the court charged: "The Plaintiff claims that the center divider was too narrow for him to walk on and that he, therefore, found it necessary to have one foot on the divider and the other foot on the roadway. He claims that he did not have both of his feet on the roadway. If you find that the center divider was wide enough for the Plaintiff to walk normally or to stand normally and that he didn't, *you may find that his failure to remain on the divider constituted contributory negligence.* If you find that the center divider was too narrow for the Plaintiff to walk normally, then the fact that he did not then walk on the divider would not constitute contributory negligence. *You may find that the center divider was not wide enough for the Plaintiff to walk on or stand on. If you make such a finding then the failure of the Plaintiff to walk or stand on the divider would not constitute a lack of reasonable care on the part of the Plaintiff."* (Emphasis supplied.) Plaintiffs' counsel (Mr. Weidman) excepted to this portion of the charge. The following colloquy ensued: "MR. WEIDMAN: * * * I take exception to the Court's charge that if the Jury find that if the iron center divider was wide enough for the Plaintiff to stand thereon, and that he didn't, that that in and of itself was contributory negligence. THE COURT: I didn't say that. MR. WEIDMAN: I suggest to the Court that the Court did say that. THE COURT: I didn't say that it constituted negligence, I merely said that they might find that if it was wide enough that they may consider it in assessing whether or not the plaintiffs were negligent. MR. WEIDMAN: I'm sorry, I wish that was what the Court said, but I wrote down that you said that was contributory negligence. THE COURT: I believe I charged as follows: 'If you find that the center divider was wide enough for the Plaintiff to walk normally or to stand normally and that he did not, you may find that his failure to remain on the divider constituted contributory negligence.' MR. WEIDMAN: That's what I except to. THE COURT:

I think that's inaccurate. You said that I said you will find. MR. WEIDMAN: You said the word may. I except to the word may. I think that you have not included the fact that even assuming it was wide enough, this Jury may find that a man acting under the circumstances at hand was not negligent. THE COURT: You have an exception. MR. WEIDMAN: Of course. Now, the next exception. When the Court charged the reasonable care charge, the omnibus charge after charging that which I just excepted to about width of the central divider, the Court didn't charge that reasonable care charge so as to indicate to the Jury that even assuming the iron divider was large enough to walk or stand, nonetheless, they could find this Plaintiff as having acted and as a reasonably prudent person. In addition to which,—THE COURT: Well, Mr. Weidman, I said many times during the charge that taking all the conditions into consideration that they may find he was free from contributory negligence. MR. WEIDMAN: You see, Judge, when you talk in the abstract, it's one thing, but when you are now charging specific elements— THE COURT: What specific request would you make in that situation? MR. WEIDMAN: I would have, if the Court would permit me, with due deference, I would have said that even assuming the divider was wide enough for the Plaintiff to stand on, that in and of itself does not mean that the Plaintiff was guilty of contributory negligence. You must find that the Plaintiff under all of the circumstances did not act reasonably. THE COURT: Well, I'm not going to charge that way. MR. WEIDMAN: I just want to protect the record, Your Honor. THE COURT: Yes." Plaintiffs' counsel also unsuccessfully objected to the presentation of the issue of the width of the divider, as a written interrogatory calling for a written answer, stating: "in the form that you presented this you are highlighting one area of the claimed negligence or contributory negligence without giving equal value and equal time, if you will, to the other areas which notwithstanding the finding of a man's for example being able to stand on the walk, would be able to exculpate the man from any question of contributory negligence." We believe that while the court's presentation of Question No. 2 was not improper as a matter of law (cf. *Skidmore v Baltimore & Ohio R. R. Co.,* 167 F2d 54), the combination of the presentation of this interrogatory (focusing on the width of the divider space for walking), with the failure of the court to specifically make clear that plaintiff was not automatically contributorily negligent for walking partly in the lane (even if the divider *was* wide enough to walk on completely) could well have misled the jury into believing that the sole issue as to contributory negligence was whether the divider was wide enough to walk on without placing one foot on the roadway. Although the court was technically correct when it charged, "If you find that the center divider was wide enough for the Plaintiff to walk normally or to stand normally and that he didn't, you may find that his failure to remain on the divider constituted contributory negligence", a jury of laymen could very well have been misled into thinking that the language was mandatory and not permissive, especially since the court immediately followed with a mandatory instruction as to the converse, by saying, "If you find that the center divider was too narrow for the Plaintiff to walk normally, then the fact that he did not then walk on the divider would not constitute contributory negligence." Since the jurors were required to separately state, in writing, whether plaintiff could have walked on the divider as he was returning to his car, that issue may well have loomed so large as to preclude other possibly mitigating or counterbalancing factors in determining the bottom-line question of whether plaintiff was contributorily negligent. Of course, as stated in subdivision a of section 177 of McKinney's Statutes (McKinney's

Cons Laws of NY, Book 1, pp 343-344), " 'may' usually means 'may' ", but "such is not always the case." The law reports are crammed with cases on that issue (see 26A Words and Phrases, May, pp 386-534; and 1978 Cumulative Annual Pocket Part, pp 61-78), most of them dealing with statutory interpretation. Apparently, draftsmen of legislation, trained in the importance of semantics and assumedly with the leisure to edit their preliminary drafts, are often incorrect or imprecise in their use of "may". A fortiori, a jury of laymen to whom is thrown a mass of words and concepts in a highly strained milieu, could be misled into believing that the court was setting forth mandatory rather than permissive language, since so much stress had been placed on the width of the divider. Interrogatories accompanying a general verdict (CPLR 4111, subd [c]), as well as special verdicts (CPLR 4111, subd [b]), properly used, serve a beneficent and clarifying purpose (see *Skidmore v Baltimore & Ohio R. R. Co., supra;* Siegel, 1969 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4111; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4111.05). However, one of the asserted advantages of written interrogatories, that they "force the jury to focus on the crucial issues" (4 Weinstein-Korn-Miller, NY Civ Prac, par 4111.09, p 41-159), contains the seeds of danger, to wit, that an important issue may be believed to be the crucial and sole issue. A trial court must be alert to this danger and scotch it by specifically advising the jury that that issue, by itself, need not determine the more general issue of negligence or contributory negligence (although the court should then state that the jury *could* find that fact issue determinative). Therefore, *the failure of the court to amplify its charge so as to negate the concept that if the distance from the guardrail to the curb was wide enough to walk on, plaintiff was for that reason alone guilty of contributory negligence, was a fatal error requiring a reversal and a new trial.* Martuscello, J. P., Shapiro and Margett, JJ., concur.

Titone and Cohalan, JJ., dissent and vote to affirm the judgment.