(May 20, 1985)

■ AARON ABRAM, as Administrator of the Estate of MORRIS E. ABRAM, Deceased, Respondent, v LYON STEEL RIGGING CORPORATION, Appellant-Respondent and Third-Party Plaintiff, and ELMWOOD PARK, INC., et al., Appellants, and HOFFMAN INTERNATIONAL, INC., Respondent, et al., Defendant. CITY OF NEW YORK et al., Third-Party Defendants; DUO PLUMBING & HEATING COMPANY, Third-Party Defendant-Respondent. — In an action to recover damages for wrongful death, defendants Formigli Corp. (Formigli) and Elmwood Park, Inc. (Elmwood) separately appeal from a judgment of the Supreme Court, Kings County (Lawrence, J.), entered July 28, 1983, which is in favor of plaintiff and against them in the principal sum of $450,977, upon a jury verdict. Elmwood also appeals from a supplemental judgment of the same court, entered November 23, 1983, which, *inter alia,* incorporated the provisions of the judgment entered July 28, 1983, Formigli appeals from the supplemental judgment except insofar as said supplemental judgment awarded it judgment over and against Elmwood, and Lyon Steel Rigging Corporation (Lyon) appeals, as limited by its brief, from stated portions of that supplemental judgment. (We treat Lyon's notice of appeal from the judgment as a premature notice of appeal from the supplemental judgment.)

Appeals from the judgment entered July 28, 1983 dismissed, without costs or disbursements. That judgment was superseded by the supplemental judgment.

Supplemental judgment entered November 23, 1983 modified, on the law and in the exercise of discretion, by (1) deleting so much of the first decretal paragraph thereof as awarded the principal sum of $450,977 against defendants Elmwood and Formigli, (2) deleting the provision thereof which apportioned liability at 70% to Lyon, 15% to Elmwood, and 15% to Formigli, (3) deleting the provisions thereof incorporating an order of the Supreme Court, Kings County (Lawrence, J.), entered October 31, 1983, which granted Formigli's motion for contractual indemnification against Elmwood, denied Formigli's motion for indemnification against Lyon and denied Elmwood's motion for indemnification against Lyon, and (4) by adding a provision thereto to reflect the fact that the action by Lyon against Hoffman International Inc. was dismissed. As so modified, supplemental judgment affirmed, without costs or disbursements, and new trial granted to Elmwood and Formigli as to plaintiff, with respect to Lyon's, Elmwood's and Formigli's proportionate share of liability vis-à-vis each other, and with respect to Formigli's claim against Elmwood and Formigli's and Elmwood's

claim against Lyon. The judgment entered July 28, 1983 is modified accordingly.

Plaintiff's decedent was killed while working at a construction site owned by Elmwood, when a crane, leased and operated by Lyon, tipped forward, causing a heavy staircase to fall on him. Lyon had been hired by defendant Formigli, a subcontractor on the job, to erect concrete portions of a building. Plaintiff, as administrator of the decedent's estate, brought this action to recover damages for wrongful death. Elmwood, Lyon and Formigli brought various cross claims and Lyon brought a third-party action.

At trial, proof was offered to establish that the crane was overloaded, that insufficient supports had been placed under the crane and that Elmwood's failure to compact the backfill area resulted in an inability of the ground area to sustain the load. Over objection, the trial court merged the theories of common-law negligence and liability under Labor Law § 241 (6), and the verdict sheet, to which objection was also taken, also only required the jury to state whether a particular defendant was negligent, without specification of the theory.

The jury returned a plaintiff's verdict and apportioned liability at 70% to Lyon, 15% to Elmwood, and 15% to Formigli. After trial, Elmwood sought common-law indemnification against Lyon. That motion was denied, the trial court explaining that while common-law indemnification is available to those defendants who are held liable solely by reason of their vicarious liability "[t]here was ample evidence from which the jury could and apparently did conclude that all of the defendants were guilty of some culpable conduct which resulted in the death of the decedent".

In *Lagzdins v United Welfare Fund* (77 AD2d 585, 586-587), we emphasized the need for a special verdict in multitheory construction accident litigation. We explained the distinction between the proof required in common-law negligence (Labor Law § 200 [1]) and a Labor Law § 241 (6) claim, and the necessity to separately instruct the jury on each element, as follows: "In order to recover under subdivision 1 of section 200 of the Labor Law, plaintiffs were required to establish that the defendants [owner and general contractor] breached their duty to provide a place of work that is 'so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein'. The duty is to make the premises safe by the discovery of dangers ascertainable through reasonable diligence and by remedying them or warning against them (*Employers*

*Mut. Liab. Ins. Co. of Wis. v Di Cesare & Monaco Concrete Constr. Corp.,* 9 AD2d 379, 382). The duty to provide a safe place to work is not breached, however, when the injury arises out of a defect in the subcontractor's own methods or through the negligent acts of the subcontractor occurring as a detail of the work (*Persichilli v Triborough Bridge & Tunnel Auth.,* 16 NY2d 136, 145). Absent control over the work, a general contractor is not liable under section 200 for the manner in which operations are carried out by the subcontractor's employees (*e.g., Zucchelli v City Constr. Co.,* 4 NY2d 52; *Employers Mut. Liab. Ins. Co. of Wis. v Di Cesare & Monaco Concrete Constr. Corp., supra,* p 383). An exception to the foregoing rule occurs where the general contractor's supervisor assumes direct responsibility for the method of work performed (*Broderick v Cauldwell-Wingate Co.,* 301 NY 182). Thus, the critical question to be answered with respect to section 200 of the Labor Law was whether the general contractor exercised control over the work * * * The trial court instructed the jury that 'an owner and a general contractor have obligations to comply with the sections of the Labor Law, and that such duty cannot be avoided even though the worker is injured because of unsafe working conditions that may have been created by his employer.' A consideration of the evidence under this instruction did not permit the jury properly to evaluate the applicable principles of law with respect to the liability of the defendant general contractor to provide a safe place to work pursuant to section 200 of the Labor Law. No other instruction clarified the issue. A new trial is, therefore, required. The second theory under which plaintiffs sought recovery is the alleged violation of subdivision 6 of section 241 of the Labor Law. This court has held that this statutory subdivision places 'a nondelegable duty upon owners and contractors to vicariously respond in damages for injuries sustained due to the negligence of general contractors or subcontractors' (*Monroe v City of New York,* 67 AD2d 89, 107; cited with approval in Leitner, Torts, 31 Syracuse L Rev 433, 437). A central distinction between this section of the Labor Law and section 200, considered above, is that liability is imposed under subdivision 6 of section 241 irrespective of whether the general contractor or the subcontractor controls or supervises the work. In addition, section 200 provides a general duty to protect the health and safety of workers, whereas section 241 applies to construction, excavation and demolition work. Upon the new trial, the trial court should carefully instruct the jury on the distinction between these two sections of the Labor Law. The jury will thus be able to reach its determination upon a proper consideration of the evidence".

A similar error occurred here. The claims involving the overloading of the crane and the insufficient supports rest upon Lyon's misfeasance. If predicated on a common-law negligence theory, as opposed to a Labor Law § 241 (6) theory, there is certainly no way liability can be imputed to Elmwood. And if Elmwood was guilty of negligence concerning the backfill, and there is scant evidence of that, can that liability be imputed to the other defendants? There is simply no way to dissect the verdict.

Moreover, the failure to obtain a special verdict clearly taints Trial Term's rejection of Elmwood's claim for common-law indemnification. It may be that the jury "could" have found Elmwood "guilty" of active negligence. But it will not do to say that there was evidence which would permit it to do so as it "apparently" did. The jury should have been required to make that factual determination for if it was determined that Elmwood was liable only vicariously pursuant to Labor Law § 241 (6), then Elmwood was entitled to common-law indemnification (*Kemp v Lakelands Precast,* 55 NY2d 1032; *Kelly v Diesel Constr. Div.,* 35 NY2d 1, 6).

These errors, however, cannot affect plaintiff's verdict against Lyon, which does not assert them in its brief. The evidence of Lyon's negligence is substantial and supports liability on all the theories submitted. Accordingly, the verdict against it may stand.

It should also be noted that Lyon's action against Hoffman International Corporation was dismissed. A provision to that effect, therefore, is being added to the supplemental judgment.

The other issues have been considered and have been found to lack merit. Titone, J. P., Bracken, Niehoff and Rubin, JJ., concur.