■ BARBARA ROBERTSON, Individually and as Parent and Natural Guardian of MOLLY HANAVAN, an Infant, Appellant, v KENMORE-TOWN OF TONAWANDA UNION FREE SCHOOL DISTRICT et al., Respondents.—Judgment unanimously reversed, on the law, with costs, and a new trial granted. Memorandum: The trial court's failure to include a reference to instructions and equipment in the written interrogatories given to the jury was erroneous in light of the court's charge on those subjects. In our view this restricted the jury's consideration, since the jury may have failed to consider grounds of liability as to which proof was presented by plaintiff (cf. Miocic v Winters, 66 AD2d 770, appeal dismissed 52 NY2d 896). This error was prejudicial and requires reversal and a new trial. We have considered plaintiff's other claims and find them without merit. (Appeal from judgment of Supreme Court, Erie County, Joslin, J.—negligence.) Present—Callahan, J. P., Boomer, Green, O'Donnell and Pine, JJ.

■ NURITH GLICK, Respondent, v AARON GLICK, Appellant. (Appeal No. 2.)—Order unanimously reversed, on the law, without costs, and motion denied. Memorandum: Special Term erred in granting plaintiff permission to amend her complaint to include a cause of action to enforce a prenuptial agreement entered into in Canada, where the parties formerly resided. Although CPLR 302 (b) has been liberally construed to protect New York domiciliaries, plaintiff, a nondomiciliary, is required to show that defendant had "minimum contacts" within the State in order to satisfy due process requirements (see, International Shoe Co. v Washington, 326 US 310; Browne v Browne, 53 AD2d 134, 136, appeal dismissed 40 NY2d 917). (Appeal from order of Supreme Court, Onondaga County, Sullivan, J.—discovery.) Present—Callahan, J. P., Boomer, Green, O'Donnell and Pine, JJ.