■ JAMES ZALDUONDO et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendants.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Rader, J.), dated February 11, 1987, as is in favor of the defendant City of New York and against them, upon a jury verdict.

Ordered that the judgment is reversed insofar as appealed from, on the law and as an exercise of discretion, and a new trial is granted to the plaintiffs against the defendant City of New York, with costs to abide the event.

The defendant City of New York owned a building which was under construction in 1978 for use as a Brooklyn high school. The plaintiff James Zalduondo, an architect employed by the New York City Board of Education, was stationed at the site on June 13, 1978, when he fell from a staircase in the structure, incurring injuries.

In submitting the instant case to the jury, the court gave the jury a special verdict sheet which asked them to answer five questions. The plaintiffs' counsel requested that the first question be worded as follows: "was the defendant in violation of the mandates of the Labor Law". The trial court did not agree to that request and instead worded the first question on the verdict sheet as follows: "Was the defendant, City of New York, negligent?" The jury answered the first question in the negative and accordingly, it did not reach the other questions.

A review of the record indicates that the trial court, in its charge, improperly merged the theories of common-law negligence (codified in Labor Law § 200 [1]) and liability under Labor Law § 241 (6). Specifically, the trial court charged the jury as follows:

"An owner, general contractor, employer, owes a duty to workmen on the premises to use reasonable care to make the place of work which [is] under his control, and the ways and the approaches thereto reasonably safe. Such duty of reason-

able care to provide and maintain a safe place to work is stated in Labor Law 241, subdivision 6, which I just read to you, which simply requires that the place where plaintiff was working is so constructed, equipped, arranged, operated, and conducted, as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such premises.

"The breach of that statutory duty resulting in injury to a plaintiff will make the defendant, the City of New York, liable, unless the plaintiff, himself, was guilty of negligence contributing to his injury * * *

"You will first consider whether the place of work was unsafe and if so, whether that condition resulted in defendant's failure to use reasonable care to make it safe initially, or from failure to use reasonable care to remedy the condition after the defendant knew or, in the exercise of reasonable care, should have known of the condition.

"If you find that the place of work was not unsafe, or that an unsafe condition did not result from any failure of this defendant to exercise reasonable care to make or keep it safe, your verdict will be for the defendant. If you find that the place of work was unsafe, and that the unsafe condition did result from the failure of the defendant to exercise reasonable care to make or keep it safe, you will find the defendant was at fault. You must then bring in a verdict for the plaintiff".

It is well settled that in order to recover under a theory of common-law negligence (Labor Law § 200 [1]), the plaintiffs were required to establish that the defendant city breached its duty to provide a place of work that is "so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein" (Labor Law § 200 [1]). To be charged with negligence for breach of this duty, an owner must have notice, either actual or constructive, of the dangerous condition which caused the accident (see, Monroe v City of New York, 67 NY2d 89; Lagzdins v United Welfare Fund, 77 AD2d 585, 586-587). In contrast, Labor Law § 241 (6) imposes a nondelegable duty upon, inter alia, owners to provide "reasonable and adequate protection" at construction sites, "irrespective of their control or supervision of the site" (Monroe v City of New York, supra, at 102; Allen v Cloutier Constr. Corp., 44 NY2d 290, rearg denied 45 NY2d 776). In this context, the term nondelegable duty denotes "a rule resulting in the imposition of vicarious liability upon an owner for the negligence of his general contractor or of subcontractors"

*(Monroe v City of New York, supra,* at 104). Accordingly, to avoid confusion, the jury in the instant case should have been clearly instructed on the distinction between these two theories of liability so as to enable them to reach a determination upon a proper consideration of the evidence *(see, Lagzdins v United Welfare Fund, supra,* at 587; *see also, Abram v Lyon Steel Rigging Corp.,* 111 AD2d 291). Moreover, the jury should have been required, by special verdict, to make a specific determination as to each theory of liability alleged *(see, Abram v Lyon Steel Rigging Corp., supra).* Accordingly, a new trial should be granted to the plaintiffs. Mollen, P. J., Mangano, Rubin and Sullivan, JJ., concur.