■ DOLORES B. KOSIOREK, Individually and as Administratrix of the Estate of ROBERT C. BARBIC, Deceased, Respondent, v BETHLEHEM STEEL CORPORATION, Appellant and Third-Party Plaintiff. FURNCO CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent-Appellant. (Appeal No. 1.)—Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: The trial court erred in submitting to the jury a verdict sheet that did not contain, as a precondition to the assessment of damages, interrogatories respecting defendant's negligence and whether negligence, if found, proximately caused decedent's death. The error improperly restricted the jury's consideration of important factual issues *(see, Robertson v Kenmore-Town of Tonawanda Union Free School Dist.,* 112 AD2d 17; *Miocic v Winters,* 66 AD2d 770). Timely exception was taken *(see,* CPLR 4111 [b]) and this error requires reversal *(see, Velte v Jainew Enters.,* 122 AD2d 544; *Robertson v Kenmore-Town of Tonawanda Union Free School Dist., supra).* The trial court also erred in permitting expert medical testimony with respect to certain tissue slides because they were not admitted in evidence *(see, Hambsch v New York City Tr. Auth.,* 63 NY2d 723). This testimony does not come within either of the limited exceptions to the general rule that opinion evidence must be based on facts in the record or personally known to the witness *(supra,* at 725; *see also, Cassano v Hagstrom,* 5 NY2d 643, 646, *rearg denied* 6 NY2d 882).

Further, the trial court erred in submitting the question of contractual indemnification between defendant and third-

party defendant to the jury. An issue of "contract interpretation which, in the absence of extrinsic evidence as to the intent of the parties at the time of entering into the agreement, should properly be determined by the court as a matter of law" *(Bodwitch v Allen,* 91 AD2d 1177, 1178; see, *Lavorato v Bethlehem Steel Corp.,* 91 AD2d 1184).

Accordingly, the judgments against defendant and third-party defendant must be reversed and a new trial granted. In view of our determination, we do not reach the remaining issues raised. (Appeals from judgment of Supreme Court, Erie County, Cook, J.—wrongful death.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.