■ DANIEL FUCHS, Appellant, v ROBERT WOLFF et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Christ, J.), entered August 31, 1987, which granted the defendants' motion to set aside the jury verdict as against the weight of the evidence and granted a new trial.

Ordered that the order is affirmed, with costs.

The plaintiff brought this action to recover damages he sustained as the alleged result of the negligent operation by the defendant Robert Wolff of an automobile owned by his employer, the defendant Federation of Special Police and Law Enforcement Officers. After a jury verdict which found the defendant Wolff 90% at fault and the plaintiff 10% at fault in

the happening of the accident, the defendants moved pursuant to CPLR 4404 (a) for a new trial on the ground that the verdict was contrary to the weight of the evidence. The trial court granted the defendants' motion. The plaintiff contends on appeal that the court improperly substituted its judgment for that of the jury. We disagree and affirm.

At the trial there was testimony from three witnesses, the two parties and a disinterested eyewitness. There was conflicting testimony by the parties as to some of the facts and circumstances underlying the accident. The testimony of the disinterested witness confirmed the modest speed at which the automobile had been traveling, the character of the roadway where the accident occurred and the fact that the plaintiff stepped directly in front of the automobile. The Trial Justice, who had the opportunity, along with the jurors, to listen to and to view all the witnesses, concluded that the jury's assignment of fault in the happening of the accident "shocks the conscience of this Court" and granted the defendants' motion to set aside the verdict as against the weight of the credible evidence.

The fact that some of the testimony creates a factual issue does not deprive the court of the power to intervene in an appropriate case. "[I]f an absence of bona fide factual issues were required, a court would never be justified in setting aside a * * * verdict as being against the weight of the evidence and ordering a new trial * * *. Indeed, it is the existence of a factual issue which justifies the granting of a new trial rather than a directed verdict" (*Nicastro v Park,* 113 AD2d 129, 135; *see also, Cohen v Hallmark Cards,* 45 NY2d 493; *O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431, 439). The trial court's decision to exercise its discretion and grant a new trial must be accorded great respect *(see, Micallef v Miehle Co.,* 39 NY2d 376; *Nicastro v Park, supra,* at 137).

The resolution of a motion to set aside a verdict as contrary to the weight of the evidence "involves an application of that professional judgment gleaned from the Judge's background and experience as a student, practitioner and Judge" *(Nicastro v Park, supra,* at 135). We perceive no error in the trial court's application of this judgment to the case at bar. Lawrence, J. P., Rubin, Eiber and Balletta, JJ., concur.