■ JOHN SVEDROVICH, Appellant, v 16-20 REALTY ASSOCIATES, Respondent, and ANCOMAR CONSTRUCTION CORP., Respondent and Third-Party Plaintiff. FUHRMANN MATURA PLUMBING CORP., Third-Party Defendant-Respondent.—Judgment, Supreme Court, New York County (Burton Sherman, J.), entered on July 13, 1989, after a jury trial, in favor of defendant 16-20 Realty Associates and defendant and third-party plaintiff Ancomar Construction Corp., and which dismissed the third-party complaint as against third-party defendant Fuhrmann Matura Plumbing Corp., unanimously affirmed, without costs.

Contrary to plaintiff's assertions, the trial court, in its charge, did not improperly merge the theories of common-law negligence, as codified in Labor Law § 200 (1), and absolute statutory liability under Labor Law § 241 (6), so as to mandate a reversal of the jury verdict in favor of the defendants and a remand for a new trial. *(Cf., Zalduondo v City of New York,* 141 AD2d 816, 817.) The trial court, in charging the jury, accurately and fully delineated the distinctions between the two theories of liability in a clear and comprehensive manner with respect to each defendant, consistently applied the notice requirement solely to the common-law theory of negligence under Labor Law § 200 (1) and remained consistent therewith in carefully instructing the jurors on the distinction between the two sections of the Labor Law during the course of a requested supplemental charge during deliberations.

Accordingly, in view of the trial court's thorough and detailed instructions, we find that there was no need for a

special verdict setting forth the distinction between these two sections of the Labor Law, particularly where there is no significant probability that the form of the interrogatories improperly influenced the verdict. *(Zimmerman v Jamaica Hosp.,* 143 AD2d 86, *lv denied* 73 NY2d 702.)

Finally, we find that the trial court's supplemental instruction did not improperly cause the jury to consider theories not advanced by the plaintiff, but rather merely elaborated on the theories of liability advanced by the plaintiff himself by restating the substance of the original charge to the jury.

We have considered the plaintiff's remaining contentions, and have found them to be without merit. Concur—Kupferman, J. P., Carro, Asch and Wallach, JJ.