FOURTH DEPARTMENT, FEBRUARY 1991

(February 1, 1991)

■ KENNETH V. LABARGE, Respondent, v GRIFFIN PIPE PROD-

ucts Co. et al., Defendants, Town of Clarence, Appellant, and County of Erie, Respondent. Louis J. Kennedy Trucking et al., Third-Party Plaintiffs, Town of Clarence, Third-Party Plaintiff-Appellant-Respondent, and County of Erie, Third-Party Plaintiff-Respondent, v Castricone Contractors, Inc., Third-Party Defendant-Respondent-Appellant.—Judgment modified on the law and as modified affirmed without costs and new trial granted, in accordance with the following Memorandum: Plaintiff was injured while unloading pipe from a truck, resulting in the eventual amputation of his leg. He sued, among others, the Town of Clarence, for whom a new water line was being installed, and Erie County, who owned the right-of-way. The Town of Clarence brought a third-party action against plaintiff's employer, Castricone Contractors.

Plaintiff alleged three causes of action against the Town and County: common-law negligence for failure to provide a safe place to work, violation of Labor Law § 200, and violation of Labor Law § 241 (6). After trial, the jury found, by special verdict, that the Town and Castricone Contractors were negligent, which negligence was the proximate cause of plaintiff's injuries. It found that the County was not negligent. It also found that the Town, County, and Castricone Contractors violated Labor Law § 241 (6). Finally, the jury apportioned the "percentage of responsibility" 40% to the Town, 5% to the County, and 55% to Castricone Contractors. The trial court, on motion of the County, directed that the apportionment of 5% responsibility to the County be set aside and directed that the County should receive full indemnity from the Town and Castricone Contractors for any share of the verdict it is called upon to pay to plaintiff, and it redistributed the County's 5% share of responsibility proportionately between the Town and Castricone Contractors. Judgment was entered in favor of plaintiff against the County and Town and in favor of the Town in the third-party action against Castricone Contractors for 55/95ths of any sum that the Town may be compelled to pay above its proportionate share of the verdict.

On this appeal, no one questions the court's determination that the County is entitled to full indemnity against the Town and Castricone Contractors. The dispute in this case concerns the apportionment between the Town and Castricone Contractors. We agree with the Town that the court should have instructed the jury that the Town, as an owner, may be held vicariously liable under section 241 (6) of the Labor Law for

the acts of the contractor and that, in making its apportionment, the jury may not attribute any culpable conduct to the Town by reason of its vicarious responsibility under that section. Failure of the court to instruct the jury concerning the different theories of liability under common-law negligence and Labor Law § 241 (6) created the danger that, in apportioning liability against the Town, the jury might add to the Town's culpable conduct for its own negligence a percentage of liability for its vicarious liability under section 241 (6) *(see, Zalduondo v City of New York,* 141 AD2d 816; *Abram v Lyon Steel Rigging Corp.,* 111 AD2d 291; *Lagzdins v United Welfare Fund-Security Div. Marriott Corp.,* 77 AD2d 585). That danger is illustrated by the fact that, although the jury found that the County was not negligent, in apportioning liability, it found that the County should bear 5% of the liability. That percentage necessarily was predicated upon the County's vicarious liability under section 241 (6).

The judgment in favor of plaintiff against the County and Town is affirmed. The second adjudicatory paragraph of the judgment apportioning liability between the Town and Castricone Contractors is vacated and the matter is remitted to the trial court for a new trial solely for the purposes of determining the third-party action by the Town against Castricone Contractors and apportioning liability between them. On the new trial, the court should make it clear to the jury that liability is to be apportioned solely upon the basis of the negligence or culpable conduct of the parties.

Because there will be a new trial, we note that the court should have granted the Town's request to charge the jury, in connection with defendant's duty under common-law negligence and under section 200 of the Labor Law, that the duty of an owner to provide a safe place to work is not breached when the injury arises out of a defect in the contractor's own plant, tools, and methods, or through negligent acts of the contractor occurring as a detail of the work *(Persichilli v Triborough Bridge & Tunnel Auth.,* 16 NY2d 136, 145; *Monroe v City of New York,* 67 AD2d 89, 101), adding the exception that occurs where the owner assumes direct responsibility for the method of work performed *(Abram v Lyon Steel Rigging Corp., supra,* at 298). Absent control of the work, an owner is not liable under section 200 for the manner in which operations are carried out by the contractor's employees *(Abram v Lyon Steel Rigging Corp., supra,* at 298).

All concur, except Callahan, J. P., who dissents in part and votes to affirm, in the following Memorandum.

Callahan, J. P. (dissenting). From my review of the record, I conclude that the evidence supports the jury's resolution of factual issues as presented to them. (Appeals from Judgment of Supreme Court, Erie County, Wolf, J., Trial; Kane, J., Order—Negligence.) Present—Callahan, J. P., Doerr, Boomer, Pine and Lawton, JJ.