■ DANIEL ARRIGO et al., Appellants, v TURNER CONSTRUC-TION COMPANY, INC., Respondent.—Judgment, Supreme Court, New York County (Kenneth Shorter, J.), entered on or about November 5, 1990, which, upon a jury verdict, dismissed the complaint, unanimously reversed, on the law, the complaint is reinstated and a new trial is ordered, with costs to abide the event.

The plaintiffs instituted this action to recover damages for personal injuries sustained by the plaintiff Daniel Arrigo and alleged that the defendant violated Labor Law § 240 (1) and

§ 241 (6) and common law negligence principles. The plaintiff was a journeyman carpenter employed by Component Assembly Systems, a subcontractor of the defendant Turner Construction Company, and was in the process of erecting freestanding operating rooms on the fourth floor of St. Vincent's Hospital on October 14, 1986, when he was injured.

The plaintiff testified at trial that while placing a horizontal cross joist on a wall, the ladder upon which he was standing slid from underneath him. In an attempt to break his fall, the plaintiff reached toward the wall for a handhold but instead drove his arm through a piece of steel bracing. The plaintiff's partner on the project, who was working on a ladder twenty feet away, confirmed that the plaintiff's ladder slipped away before the plaintiff became impaled on the bracing. Further testimony, including that of the defendant's assistant construction superintendent, indicated that water, debris from other tradesmen and monocote, a fire retardant chemical, were on the floor at the time of the accident and that this hazard had been reported to the defendant on numerous previous occasions, including a complaint which was made on the morning before the accident. In fact, the carpenters had walked off the project a week before the accident occurred because of unsafe conditions. It was undisputed that the defendant was responsible for removing the substances from the floor.

Although counsel for the plaintiff requested the trial court to charge the jury with respect to violations of Labor Law § 240 (1) and § 241 (6) and common law negligence, and to include these theories on the special verdict sheet, the trial court denied the request and omitted the theories of statutory liability under section 241 (6) and common law negligence from the verdict sheet. The jury concluded, in response to the questions posed on the special verdict sheet, that the ladder on which the plaintiff was working was placed or used as to give him proper protection against injury. They further found that although the plaintiff was not provided with any safety devices to protect him against injury, that failure was not a proximate cause of his injuries. The jury also determined that although the ladder moved, the plaintiff suffered his injury before it moved. The Supreme Court thereafter denied the plaintiff's motion for judgment notwithstanding the verdict, or in the alternative, for a new trial on the ground that the verdict was against the weight of the evidence, and entered judgment in favor of the defendant dismissing the complaint.

We conclude that the verdict was against the weight of the

evidence and, accordingly, order a new trial *(Cohen v Hall-mark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129). The unrefuted testimony of the plaintiff and his partner was that the ladder moved before the plaintiff was injured. Also undisputed was the presence of water, debris and monocote on the floor at the time of the accident and the fact that the defendant was aware of this condition. Therefore, the conclusion that the violation of section 240 (1) of the Labor Law was not the proximate cause of the plaintiff's injuries was against the weight of the credible evidence adduced at trial.

Based on the testimony, it was also error to deny the plaintiff's request to have the jury consider liability under section 241 (6) of the Labor Law and common law negligence principles *(Zalduondo v City of New York,* 141 AD2d 816). Inexplicably, the court charged the jury on the law of negligence even though it omitted this theory from the verdict sheet.

Finally, while only the defense excepted, we note that the trial court failed to charge the jury on the applicable burden of proof.

Accordingly, a new trial is ordered on all theories of liability advanced by the plaintiff. In light of the foregoing, we do not reach the plaintiff's remaining contentions. Concur—Milonas, J. P., Rosenberger, Kupferman, Ross and Smith, JJ.