■ LATANYA HARVEY et al., Appellants, v SUDS N' FLUFF LAUNDROMAT, INC., et al., Respondents, et al., Defendant. [599 NYS2d 86] —In an action, *inter alia,* to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered October 1, 1990, which, upon a jury verdict in favor of the defendants Suds N' Fluff Laundromat, Inc., and Hoyt Manufacturing Corporation, dismissed the complaint.

Ordered that the judgment is reversed, on the law and as a matter of discretion, and the plaintiff is granted a new trial against the respondents, with costs to abide the event.

On August 21, 1985, the infant plaintiff and her cousin went to a laundromat to do the family's laundry. After observing that the machine into which she had loaded the laundry had stopped, the infant plaintiff opened the door and began unloading the machine. While she was pulling a sheet out, the machine allegedly started to spin, and continued spinning as the sheet wrapped around her hand, allegedly causing serious injury. According to her testimony, the plaintiff was only able to pull her hand free with assistance from a bystander.

An action on behalf of the infant plaintiff was commenced against, *inter alia,* the owner of the laundromat, the defendant Suds N' Fluff Laundromat, Inc., and the manufacturer of the washing machine, Hoyt Manufacturing Corporation. The first cause of action is premised on negligence, the second cause of action is premised on breach of warranty, and the third cause of action is premised on strict products liability. A derivative fourth cause of action was asserted on behalf of the child's grandmother.

At the close of the plaintiffs' case, the court denied the defendants' motion to dismiss all the causes of action for failure to prove a prima facie case. The court charged the jury with respect to the theory of negligence alleged against both respondents. The court also charged the jury with respect to the theory of strict liability but only against the manufacturer and not the laundromat owner. The court then submitted a verdict sheet to the jury which contained questions relating solely to the negligence theory. The jury found that neither

respondent was negligent. On appeal, the plaintiffs contend that the court erred in refusing to include separate questions on the verdict sheet with respect to the breach of warranty and strict products liability claims. The plaintiffs also argue that the court's instructions to the jury were confusing because all of the theories of liability were lumped together. We agree.

The jury in the case at bar should have been instructed to consider the distinct elements of each of the causes of action separately, and required, by special verdict, to make a specific determination as to each theory of liability alleged in the complaint *(see, Zalduondo v City of New York,* 141 AD2d 816, 818; *Abram v Lyon Steel Rigging Corp.,* 111 AD2d 291; *cf., Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31, 40). A review of the record indicates that the court, in its charge, improperly merged the theories of negligence, breach of warranty, and strict products liability *(see, Zalduondo v City of New York, supra),* and compounded the error by providing an improper verdict sheet to the jury *(see, Robertson v Kenmore-Town of Tonawanda Union Free School Dist.,* 112 AD2d 17). Accordingly, there should be a new trial. Miller, J. P., Ritter, Copertino and Pizzuto, JJ., concur.