Simons, J.
(dissenting). I would affirm.
In my view, the Trial Justice correctly denied admission of the doctor’s report stating that decedent’s heart was enlarged, because the X ray of the heart was not produced in court. The court’s ruling was consistent with an unbroken line of New York decisions which hold that a doctor may not express an expert opinion of what an X ray shows unless the X ray is *648 before the court. We stated it most recently in Hambsch v New York City Tr. Auth.:
"With respect to the claimed fracture, plaintiff’s physician testified that, based on his reading of an X ray of her lower back, she was suffering from spondylolisthesis, a misalignment of the vertebra. It was error to permit the doctor’s testimony without producing the X rays and introducing them into evidence” (63 NY2d 723, 725 [citations omitted]; see also, Marion v Coon Constr. Co., 216 NY 178, 182; Ebanks v New York City Tr. Auth., 118 AD2d 363, revd on other grounds 70 NY2d 621; See Chang Chiu v Garcia, 75 AD2d 594; Richter v Trailways of New England, 28 AD2d 737; Cellamare v Third Ave. Tr. Corp., 273 App Div 260; Gursslin v Helenboldt, 259 App Div 1064).
The rule also has been applied to opinions based on other medical evidence (see, e.g., Kosiorek v Bethlehem Steel Corp., 145 AD2d 935 [tissue slides]; Whalen v Avis Rent A Car Sys., 138 Misc 2d 959, 961 [CAT scans]).
The rule is based on the general proposition that witnesses must testify to facts not opinions and that expert opinions are permitted only because lay jurors are often unable to make an intelligent evaluation of facts without the assistance of experts possessing special knowledge to interpret them. Thus, an expert’s opinion, when allowed, must be based upon facts before the court, either facts acquired by personal observation or evidence in the record which the expert has heard or which has been presented to the expert by a hypothetical question (see, Cassano v Hagstrom, 5 NY2d 643; and see, Richardson, Evidence § 370 [Prince 10th ed]). Dr. Ploss did not personally examine decedent’s heart. Thus, to be admissible his opinion had to find support from evidence in the record. Because the X ray upon which the opinion was based was missing, the record lacked the necessary factual predicate for admission of his opinion.
Defendant seeks to supply the missing foundation by substituting the doctor’s report for the X ray. It contends, and the majority agrees, that under settled New York law it is entitled to offer the report as secondary evidence of what the X ray reveals. To support that statement, the defendant relies upon the brief memorandum in See Chang Chiu v Garcia (75 AD2d 594, supra), which stated ambiguously that the doctor *649 could not testify about matters shown in X rays not in evidence or "whose absence was not explained”, dictum by the Marion Court (supra) and dictum by a Judge sitting in New York City Civil Court (Sirico v Cotto, 67 Misc 2d 636, 637-638). None of these decisions establishes a New York rule that secondary evidence may be received in cases involving missing X rays and, for the reasons stated below, we should not do so now.
As presently understood in this State, the best evidence rule requires that whenever a party seeks to prove the contents of a writing, the original must be produced or its absence satisfactorily explained (Richardson, Evidence §§ 568, 570 [Prince 10th ed]; Fisch, New York Evidence § 81, at 50 [2d ed]). The rule is designed to "reduce[ ] [the] danger of fraud and perjury and [eliminate] inaccuracies and errors which derive from faulty memory or mistakes in copying or transcribing the original writing” (Fisch, op. cit., § 81, at 50). Secondary evidence is permitted to establish the contents of a missing writing only if the absence of the original is excused (see, Richardson, Evidence § 568 et seq. [Prince 10th ed]). Before today, no New York case cited to the Court has extended the rule to X rays.*
The majority would do so, however, and permit secondary evidence in the form of the expert witness’ report to the client to establish what the X-ray pictures show. I disagree with that result because, unlike the reproduction of the terms of a lease or a contract, a doctor’s report or testimony is not a "copy” of the X ray and does not purport to be an objective statement of what the X ray shows. It is an expert opinion interpreting the X ray on the basis of the witness’ experience and training. Inasmuch as the report does not establish facts, there is, in the absence of the X ray, no evidence to support the doctor’s opinion even if the report is received.
*650 The majority concludes secondary evidence may be received because there is no difference between receiving secondary evidence of a writing and receiving secondary evidence of an X ray (majority opn, at 646). However, when the contents of a writing are in issue the jury need only evaluate the reliability of the secondary evidence. The evaluation of expert opinion evidence involves a two-step process: the jury must first determine whether the proponent has established the facts upon which the expert opinion rests and then determine the weight which should be accorded the expert’s opinion based upon those facts. It is difficult to see how the expert’s opinion could be considered more than speculative if the only factual foundation for it is the expert’s own analysis of what the unproduced X ray showed.
As a matter of policy there is much sense behind the existing rule. The value of X-ray evidence rests largely on the expert’s interpretation of what it shows. Manifestly, reasonable medical experts can read X rays differently and their readings can only be tested or verified by examining the picture they rely on. A physician — whether testifying in person or submitting a written report — who states an opinion that the patient suffered an enlarged heart (or a spinal injury or any number of other conditions which may be otherwise difficult to clinically diagnose) is wholly insulated from contradiction if the X ray on which that opinion is based is not before the court but appears only by the description in the report to the client. An opposing expert cannot judge the value of the opinion or contradict it if he or she has only the opponent’s statement of what was in the X ray.
The majority would avoid the danger of receiving this secondary evidence by insisting that the court ensure that doctor’s report is "authentic and ’correctly reflects the contents’ ” of the X ray (majority opn, at 645). It is difficult to see how a court could ensure the accuracy of the facts upon which Dr. Ploss decided that decedent had an enlarged heart. The report states only two challenged measurements and, based upon them, the doctor opined that decedent’s heart was enlarged. Whether Dr. Ploss’ report is received as secondary evidence or not, there will be nothing before the court which will enable an opponent to challenge the measurements on which the opinion rests. At best, it can only be said that if the measurements were accurate the heart was or was not enlarged.
*651 It is not a question of "mistrusting” the doctor’s report, as the majority seems to believe (see, majority opn, at 646); it is a question of whether the doctor’s report will supply a factual basis for his opinion. The expert’s opinion has "no greater probative force than the basis on which * * * it is founded” (Matter of Riehl v Town of Amherst, 308 NY 212, 216; see generally, Sawyer v Dreis & Krump Mfg. Co., 67 NY2d 328, 334-335), and the expert’s self-serving and unverifiable reading of the X ray does not supply the necessary predicate to support an opinion. It would seem that in these circumstances the reception of secondary evidence, rather than preventing fraud or prejudice, would facilitate it.

 Congress has established by statute that a photograph or an X ray may be classified as a writing (see, Fed Rules Evid, rule 1001 [2]). Customarily, however, the photograph or X ray is used only as an aid to the witness’ testimony. Testimony of what a photograph or X ray shows, without production of the original is, as the notes of the Advisory Committee point out, "most unusual” (see, Notes of Advisory Comm on Rules, reprinted in 28 USCA, Fed Rules Evid, rule 1002, at 570). The Committee recognized that in the case of X rays "substantial authority” (citing cases) called for the production of the original (ibid,.). Moreover, the reception of secondary evidence of an X ray in Federal courts is justified, at least in part, by the fact that under the Federal Rules an expert may give an opinion based on facts not in evidence (see, Fed Rules Evid, rule 703).