■ DENISE CICIONE et al., Appellants, v BRUCE MEYER et al., Respondents, et al., Defendants. [823 NYS2d 173]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Cohalan, J.), dated March 5, 2004, as, upon the granting of the motion of the defendant Bruce Meyer pursuant to CPLR 4401, made at the close of the plaintiffs' case, to dismiss the complaint insofar as asserted against him for failure to make a prima facie case, and upon a jury verdict in favor of the defendants University Associates In Obstetrics and Gynecology, P.C., and Anthony Royek and the denial of that branch of their motion pursuant to CPLR 4404 which was to set aside the verdict as against the weight of the evidence, dismissed the complaint insofar as asserted against the defendants Bruce Meyer, University Associates In Obstetrics and Gynecology, P.C., and Anthony Royek.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, the complaint insofar as asserted against the defendants Bruce Meyer, University Associates In Obstetrics and Gynecology, P.C., and Anthony Royek, is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial against those defendants in accordance herewith, with costs to abide the event.

The plaintiff Denise Cicione, who previously had a child via cesarean section, opted to attempt a vaginal birth after cesarean section (hereinafter the VBAC) for her second child. During the birth, which was induced through the use of Prepidil Gel and Pitocin, her uterus ruptured at the site of the incision from the previous cesarean section, requiring an emergency cesarean section. The rupture of the uterus caused a complete placenta abruptio, cutting off the oxygen supply to the fetus, and as a result the infant was born with extensive brain damage and died 13 days later.

Denise Cicione, on behalf of herself and the deceased infant, commenced this medical malpractice action against, among others, University Associates In Obstetrics and Gynecology, P.C., and two of its employees who rendered prenatal care to her, Dr. Anthony Royek and Dr. Bruce Meyer. She alleged that Dr. Meyer and Dr. Royek did not adequately inform her of the risks of the VBAC, and she also alleged, against Dr. Royek, that there was a lack of informed consent for the induction of labor with Prepidil Gel and Pitocin. In addition, she alleged that Dr. Royek, who

was the attending physician at the birth, departed from good and accepted medical care by, inter alia, inducing labor and failing to stop the administration of Pitocin when the uterine rupture was suspected. She contended that the alleged lack of informed consent and departures were substantial factors causing the death of the infant and the injuries to her.

At the close of the plaintiffs' case, the Supreme Court granted Dr. Meyer's motion pursuant to CPLR 4401 to dismiss the complaint insofar as asserted against him, finding that the plaintiff failed to establish a prima facie case against him. The case against University Associates In Obstetrics and Gynecology, P.C., and Dr. Royek was submitted to the jury, which returned a verdict in favor of those defendants.

On appeal, the plaintiffs argue, inter alia, that the Supreme Court erred in charging the jury with the following interrogatory as to the issue of informed consent: "Did the defendant Anthony Royek, M.D., before obtaining the plaintiff Denise Cicione's consent to the VBAC and/or the induction of labor, provide appropriate information or get informed consent from Denise Cicione?" The plaintiffs had requested that two separate interrogatories on the issue of informed consent be submitted to the jury, one concerning the VBAC and the other concerning the induction of labor, and on appeal they contend that the failure to submit the two theories to the jury in separate interrogatories was reversible error. We agree. The merger of the two theories of liability in the court's interrogatory on informed consent made it possible for the jury to find that Dr. Royek was not liable on one of the theories, and, due to the wording of the interrogatory, not consider the other, separate theory (*see Harvey v Suds N' Fluff Laundromat,* 194 AD2d 644 [1993]).

Moreover, the Supreme Court erred in granting Dr. Meyer's motion pursuant to CPLR 4401 to dismiss the complaint insofar as asserted against him. The plaintiffs presented a prima facie case on the issue of whether Dr. Meyer adequately conveyed the reasonably foreseeable risks of the VBAC to Denise Cicione to permit her to make an informed decision, and whether a reasonably prudent person would have elected to attempt the VBAC had she been fully informed (*see Velez v Goldenberg,* 29 AD3d 780 [2006]; *Eppel v Fredericks,* 203 AD2d 152 [1994]).

We further agree with the plaintiffs that the jury's finding that Dr. Royek did not depart from good and accepted medical care in the administration of Pitocin was against the weight of the evidence. Dr. Royek admitted during his testimony that, in accord with good and accepted medical care, the administration of Pitocin should have been discontinued once the uterine

rupture was suspected, and it is undisputed that the Pitocin was not stopped at that time. As such, the jury's finding that Dr. Royek did not depart from good and accepted medical practice in his administration of Pitocin to the plaintiff could not have been reached upon any fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129 [1985]).

The plaintiffs' remaining contentions are without merit. Crane, J.P., Luciano, Rivera and Lunn, JJ., concur.