Yac v County of Suffolk (2022 NY Slip Op 03027)

Yac v County of Suffolk

2022 NY Slip Op 03027

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2019-00209
 (Index No. 10313/11)

[*1]Rita Yac, etc., respondent-appellant,
v
County of Suffolk, et al., appellants-respondents.

Vincent D. McNamara, East Norwich, NY, for appellants-respondents.
Gentile & Associates, New York, NY (Laura Gentile of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, etc., the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated December 4, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of liability in favor of the defendants as contrary to the weight of the evidence and for a new trial. The order, insofar as cross-appealed from, in effect, denied those branches of the plaintiff's motion which were pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability and for judgment as a matter of law, or in the alternative, to set aside the verdict in the interest of justice and for a new trial.
ORDERED that the cross appeal from so much of the order as, in effect, denied that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside the verdict in the interest of justice and for a new trial is dismissed as academic in light of our determination on the appeal, without costs or disbursements; and it is further,
ORDERED that the order is affirmed insofar as appealed from and insofar as reviewed on the cross appeal, without costs or disbursements.
On February 17, 2010, the plaintiff's decedent presented to the defendant Marilyn Shellabarger South Brookhaven Family Health Center, Shirley Health Clinic (hereinafter the Health Center), complaining of back pain. The decedent was treated by the defendant Edmee Henriquez, who diagnosed him with an upper back strain, and prescribed Ibuprofen and Flexeril, a muscle relaxant. The decedent was directed to schedule a follow-up appointment in one week. Two days later, the decedent died of septic shock as a complication of acute pyelonephritis. Thereafter, the plaintiff, his wife, commenced this action, individually and as administrator of his estate, against, among others, the Health Center and Henriquez, to recover damages for medical malpractice and wrongful death.
Following a combined trial on the issues of liability and damages, the jury returned a verdict in favor of the defendants, finding that Henriquez did not depart from good and accepted medical practice in her treatment of the decedent on February 17, 2010. Thereafter, the plaintiff [*2]moved pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence or in the interest of justice and for a new trial. The defendants opposed the motion. In an order dated December 4, 2018, the Supreme Court granted that branch of the plaintiff's motion which was to set aside the verdict as contrary to the evidence and for a new trial, and in effect, denied those branches of the motion which were to set aside the verdict and for judgment as a matter of law, or in the alternative, to set aside the verdict in the interest of justice and for a new trial. The defendants appeal, and the plaintiff cross-appeals.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (M.C. v Huntington Hosp., 175 AD3d 578, 579, quoting Stukas v Streiter, 83 AD3d 18, 23; see also Simpson v Edghill, 169 AD3d 737, 738).
Pursuant to CPLR 4404(a), after a jury trial, "the court may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence, in the interest of justice or where the jury cannot agree after being kept together for as long as is deemed reasonable by the court." A motion to set aside a jury verdict as contrary to the weight of the evidence should be granted "[o]nly where the evidence so preponderates in favor of the unsuccessful litigant that the verdict 'could not have been reached on any fair interpretation of the evidence'" (Reilly v Ninia, 81 AD3d 913, 915, quoting Lolik v Big V Supermarkets, 86 NY2d 744, 746). However, "[t]he fact that some of the testimony creates a factual issue does not deprive the court of the power to intervene in an appropriate case. '[I]f an absence of bona fide factual issues were required, a court would never be justified in setting aside a verdict as being against the weight of the evidence and ordering a new trial'" (Fuchs v Wolff, 148 AD2d 665, 666 [alterations omitted], quoting Nicastro v Park, 113 AD2d 129, 135). "The determination that a verdict is contrary to the weight of the evidence 'is itself a factual determination based on the reviewing court's conclusion that the original trier of fact has incorrectly assessed the evidence'" (Mancellari v Church of Ascension, 188 AD3d 1031, 1031, quoting Cohen v Hallmark Cards, 45 NY2d 493, 498).
Here, the Supreme Court properly set aside the verdict as contrary to the weight of the evidence. By her own testimony, and that of the defendants' expert witness, Henriquez's treatment of the decedent departed from good and accepted medical practice in the diagnosis and treatment of back pain, in that Henriquez failed to ascertain relevant information as to the history and nature of the decedent's pain and failed to consider differential diagnoses apart from a musculoskeletal injury. Further, the plaintiff's expert witnesses opined that the decedent's vital signs, consisting of an abnormally high pulse and an abnormally low blood pressure, registered simultaneously, required further testing to rule out potentially life threatening conditions. While opining that the decedent's pulse and blood pressure were each within the normal range for a person of his age, weight, and height, the defendants' expert did not offer an opinion as to the relevance of these divergent values registered at the same time. As such, the jury's finding that Henriquez did not depart from good and accepted medical practice in her treatment of the decedent could not have been reached upon any fair interpretation of the evidence (see Reilly v Ninia, 81 AD3d at 917; Cicione v Meyer, 33 AD3d 646, 649).
Nevertheless, contrary to the plaintiff's contention, the Supreme Court did not erroneously, in effect, deny that branch of her motion which was for judgment as a matter of law on the issue of liability. "A motion for judgment as a matter of law pursuant to CPLR 4404(a) may be granted 'only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party'" (Larkin v Wagner, 170 AD3d 1145, 1147, quoting Tapia v Dattco, Inc., 32 AD3d 842, 844; see Killon v Parrotta, 28 NY3d 101, 108; Cohen v Hallmark Cards, 45 NY2d at 499). "In considering such a motion, the facts must be considered in [*3]a light most favorable to the nonmovant" (Sikorjak v City of New York, 168 AD3d 778, 780-781, citing Szczerbiak v Pilat, 90 NY2d 553, 556). While the question of whether a jury verdict may be set aside as contrary to the weight of the evidence "requires a discretionary balancing of many factors" (Nicastro v Park, 113 AD2d at 133), the question of whether a verdict was "utterly irrational," entitling a movant to a directed verdict, involves a pure question of law (Killon v Parrotta, 28 NY3d at 108). "[T]he existence of a factual issue . . . justifies the granting of a new trial rather than a directed verdict'" (Fuchs v Wolff, 148 AD2d at 666, quoting Nicastro v Park, 113 AD2d at 135). Here, the record was replete with factual issues which precluded judgment as a matter of law on the issue of liability.
In light of our determination on the appeal, the plaintiff's cross appeal from so much of the order as, in effect, denied that branch of her motion which was pursuant to CPLR 4404(a) to set aside the verdict in the interest of justice and for a new trial has been rendered academic.
BARROS, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court