Leon D. Lazer, J.
This motion for leave to amend the answer of the defendant Edward P. Ryan to plead payment or partial payment as an affirmative defense is granted and he is granted leave to serve an answer in the form annexed to the moving papers within 30 days after service of a copy of this order with notice of entry. The cross motion by defendants Azzoni, Heroy, Longworth, Lamerson, Portu and Sempowich for leave to amend their answers to assert the same affirmative defense is also granted and they too are granted leave to serve such amended answer within 30 days after service of a copy of this order with notice of entry.
*833 In this malpractice suit against certain defendants who treated plaintiff’s intestate during his terminal hospitalization following a fall from a Long Island Railroad Company train, the moving defendants seek to amend their answers to plead that the railroad and the plaintiff have reached a $12,500 settlement in satisfaction or partial satisfaction of plaintiff’s claim for damages including payment for the injuries alleged in this action. The plaintiff opposes the motion on the ground that the defense will be prejudicial to her.
One who negligently injures another and the physician whose negligence thereafter aggravates the original injury are successive rather than joint tort-feasors (Matter of Parchefsky v. Kroll Bros., 267 N. Y. 410) and a plaintiff has a separate cause of action against each of them (Derby v. Prewitt, 12 N Y 2d 100).
The law does not permit a plaintiff a double recovery, however, (Malvica v. Blumenfeld, 28 N Y 2d 851) and where full satisfaction has been provided by the original tort-feasor (see Milks v. McIver, 264 N. Y. 267) an action against a subsequent tortfeasor is barred (Malvica v. Blumenfeld, supra). A physician who negligently aggravates injuries previously inflicted is liable only for his own failure to properly treat the plaintiff (Szarewicz v. Alboro Crane Rental Corp., 73 Misc 2d 232). Whether a settlement between the injured party and the original tortfeasor satisfies the former’s claim for injuries subsequently inflicted is a question for the trier of fact (Butler v. Lutheran Med. Center, 36 A D 2d 640; Rask v. County of Nassau, 24 A D 2d 580; Kotler v. Monticello Hosp., 56 Misc 2d 742; Lurie v. Goldman, 53 Misc 2d 250).
CPLR 4533-b reads as follows: “ Rule 4533-b. Proof of payment by joint tort-feasor. In an action for personal injury or injury to property, any proof as to payment by a joint tortfeasor offered by a defendant in mitigation of damages shall be taken out of .the hearing of the jury. The court shall deduct the amount of such payment from the award made by the jury.” (Added L. 1971, ch. 244, § 1, eff. Sept. 1, 1971.) The purpose of the statute is to modify the rule in Livant v. Livant (18 A D 2d 383, mot. for lv. to app. dsmd. 13 N Y 2d 894) under which payment by one of several tort-feasors was permitted to be proved in the presence of the jury. The reason for changing the Livant rule was concern that where a prior payment has been revealed the jury might return a nominal verdict in the belief that the tort-feasor who settled before is the only wrongdoer merely because he settled (Judicial Conference Report to Legislature, February 1, 1971; see, also, Bove v. Medeo, 19 A D *834 2d 646; Burger v. Long Is. R. R. Co., 24 A D 2d 509). While it is true that CPLR 4533-b refers to a “ joint tort-feasor ” and not to successive tort-feasors (as exist here), the ill intended to be remedied by the statute has identical effects upon joint and successive tort-feasors. Where malpractice follows an earlier tort, the Court of Appeals has noted that “ the malpractice coalesces with the original injury * * * and the two independent wrongs become concurrent causes of the ultimate result. Then the position of the independent tort feasors becomes in many repects analogous to the position of joint tort feasors ” (Matter of Parchefsky v. Kroll Bros., supra, p. 413). When this analogy of position is added to the similarity of the effect of an earlier partial payment upon a remaining joint or successive tort-feasor, it becomes apparent that CPLR 4533-b must be construed to apply to both.
There can be no doubt that defendants are entitled to amend their answers to plead the railroad’s payment and on this motion this court cannot determine which elements of damages have been satisfied by that payment. Neither can there be any doubt that the plaintiff’s concern that the amended answers will be placed before the jury is groundless.