(August 22, 1988)

■ CONCETTA BEVILACQUA et al., Appellants, v SARAH GILBERT, Respondent.—In a negligence action to recover damages for personal injuries, etc., arising from an automobile accident, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), entered June 27, 1986, which, upon a jury verdict determining, *inter alia,* that the plaintiff Concetta Bevilacqua had not suffered a serious injury, is in favor of the defendant and against them.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

Initially, we find that the trial court improperly allowed the admission of evidence concerning settlements received by the plaintiffs in two other personal injury actions arising out of separate incidents *(see, Tennant v Dudley,* 144 NY 504; *White v Old Dominion S. S. Co.,* 102 NY 661; *Gilliam v Lee,* 32 AD2d 1058). The defendant elicited that evidence as an admission by the plaintiffs that they had already been compensated for the injuries for which redress was being sought in the case at bar. However, the proof of acceptance of the settlement offers did not establish any admissions by the plaintiffs, and was, therefore, improperly admitted. Further, the prejudice resulting from the admission of that evidence far outweighed its probative value. The jury was led to believe that sufficient compensation had already been provided for the plaintiff Concetta Bevilacqua's back injuries and to ignore evidence that the condition of her back had been aggravated by the instant accident.

The trial court also improperly granted the defendant's motion to preclude the plaintiffs from calling the defendant's expert as their witness. A physician who has examined the plaintiff at the request of the defendant, and formulated his findings and conveyed the findings to the parties, should not be barred from relating the substance of his report when called as a witness by the plaintiff (see, *Gilly v City of New York*, 69 NY2d 509, 512; *McDermott v Manhattan Eye, Ear & Throat Hosp.*, 15 NY2d 20; cf., *Gugliano v Levi*, 24 AD2d 591). Assuming that the expert's report had been made available to the parties, the plaintiffs should have been permitted to call that expert to testify as to the content of his report.

The jury's determination that the injured plaintiff had not sustained a serious injury under then-applicable Insurance Law former § 671 (4) (b) was against the weight of the credible evidence. Under that section, the threshold requirement for a finding of serious injury was met if "the reasonable and customary charges for medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services necessarily performed * * * would exceed five hundred dollars". The testimony elicited from the injured plaintiff's attending orthopedic surgeon was uncontroverted and clearly established that the fair and reasonable value of the medical treatment rendered to plaintiff was in excess of $500.

We have considered the plaintiffs' remaining contention and find it to be without merit. Mollen, P. J., Kunzeman, Weinstein and Rubin, JJ., concur.