■ SABRINA HILL, as Guardian ad Litem for MARY GLAZE, Respondent, v STEWART ARNOLD et al., Defendants, and WARREN ZELMAN, Appellant. [640 NYS2d 892] —Order, Supreme Court, Nassau County (Robert W. Schmidt, J.), entered March 2, 1995, insofar as it granted plaintiff's motion for sanctions against defendant Dr. Zelman's attorneys, who were directed to pay $3,000 to plaintiff's attorneys and $1,500 to the attorneys for each of the co-defendants, for a total of $6,000, reversed, on the law and the facts and in the exercise of discretion, without costs or disbursements, and the motion denied. Appeal from the portion of the same order, which granted plaintiff's motion, pursuant to CPLR 4402, for a new trial, dismissed. (*See, Fine v Cummins*, 260 App Div 569.)

The trial court granted a mistrial and imposed monetary sanctions upon defendant Zelman's counsel on the ground that counsel improperly questioned nurse Walker, the first witness called by plaintiff and the assistant head nurse at Hempstead General Hospital, who had attended plaintiff in the hospital's emergency room, regarding the settlement reached between plaintiff and Hempstead General Hospital. Notwithstanding the earlier settlement, counsel for the hospital appeared at the trial for nurse Walker, who, although never named as a party defendant, had been charged, along with other hospital staff members and employees, with being an active tortfeasor. Under direct examination by plaintiff's counsel, nurse Walker was highly and selectively critical of the care and treatment rendered plaintiff by Dr. Zelman. Her testimony in no way implicated the hospital, its employees or the other defendants. When counsel for Dr. Zelman asked if the hospital had "settled for a substantial amount of money?", the court granted plaintiff's motion, joined in by counsel for the other co-defendants, for a mistrial. Sanctions, as indicated, were also imposed against Dr. Zelman's counsel. The argument by counsel for Dr. Zelman that the question was not asked to show liability on the hospital's part or in mitigation of damages in violation of CPLR 4533-b but, rather, to impeach the witness's credibility was rejected on the ground that since nurse Walker was "not a principal in the settling joint tortfea-

sor's organization" she could not be questioned as to the previous settlement to show bias or hostility. This was error.

Cross-examination of an adverse witness is a matter of right in every trial of a disputed issue of fact. (*Friedel v Board of Regents*, 296 NY 347, 352.) Evidence tending to show a witness's bias, hostility or motive to lie is not collateral but directly probative of credibility. (*Matter of Edward F.*, 154 AD2d 464, 465.) A witness who participated in the incident at issue, having a motive to shield herself, as well as her employer, from blame, is an interested witness notwithstanding the fact she is not a party. (*Coleman v New York City Tr. Auth.*, 37 NY2d 137, 142.) It is not necessary that a witness have a financial stake in the litigation to be interested. Although not a party, nurse Walker had been charged as an actual tortfeasor in the treatment of plaintiff. In an action for personal injuries a person, although not a party, directly charged with having caused the same is so interested that his testimony may be rejected even though it is not otherwise impeached or contradicted. (*Noseworthy v City of New York*, 298 NY 76, 80.) It has long been recognized that a prior settlement might well have an impact upon the credibility of a witness called to testify on behalf of a former adverse party. (*Keet v Murrin*, 260 NY 586.) Thus, an adverse witness may be shown to have settled a claim against the party calling him to show bias. (*Pretto v Leiwant*, 80 AD2d 579.) Since nurse Walker clearly had a motive to exonerate herself and her employer from wrongdoing in their treatment of plaintiff, it was error to exclude counsel's cross-examination question as to the hospital's prior settlement. If the court was concerned about the transcendent effect of such evidence, a limiting instruction could have been given. Thus, there was no basis for a mistrial or sanctions, the imposition of which, in any event, was in the circumstances presented, a clear abuse of discretion. Concur—Sullivan, J. P., Rosenberger, Ross and Williams, JJ.

Tom, J., dissents in a memorandum as follows: I respectfully dissent and vote to affirm the IAS Court.

I would first note that an order granting a motion for a mistrial is not appealable (CPLR 5501; *Mecca v Connelly*, 150 AD2d 353; *City of Elmira v Larry Walter, Inc.*, 111 AD2d 553, *affd* 76 NY2d 912). Accordingly, that branch of the appeal should be dismissed.

In any event, CPLR 4533-b provides, in pertinent part: "In an action for personal injury * * * any proof as to payment by or settlement with another joint tortfeasor, or one claimed to be a joint tortfeasor, offered by a defendant in mitigation of damages, shall be taken out of the hearing of the jury."

The policy requirements behind the adoption of the foregoing provision arise out of the fear that the jury's awareness of a settlement, even with limiting instructions, would result in the return of a nominal verdict *(see,* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4533-b; *Abernethy v Azzoni,* 78 Misc 2d 832, 833; *see also, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 225-226).

The provision, however, should not bar cross-examination by the defendant as to the existence of a settlement, or the amount thereof, in order to impeach the credibility of a settling joint tortfeasor who is called as a witness by the plaintiff (Richardson, Evidence § 503 [Prince, 10th ed]).

In the matter at bar, Ms. Walker, a nurse at Hempstead General Hospital, rather than being a settling tortfeasor, was merely an employee of a former party to the litigation, who was not a principal of the hospital and had no financial interest in the outcome of the litigation, and was not a party to the settlement. Thus, the questioning about the previous settlement by her employer would not serve to attack her credibility or show that she was biased as any connection between the settlement and the witnesses is nonexistent or simply too remote. Granted, Walker did have an interest in demonstrating that she was not at fault when the plaintiff was allegedly injured and an issue existed as to whether her employment relationship with the hospital affected her testimony, and it is in that context to which any questions regarding her bias should have been directed.

*Pretto v Leiwant* (80 AD2d 579), relied upon by the majority, is distinguishable as the witness was a passenger in the defendant's car. The Appellate Division, Second Department, ruled that it was permissible to inquire of that adversary witness whether he himself had settled a claim against the party calling him to testify in order to show bias.

Lastly, I vote to affirm that branch of the IAS Court's order that imposed upon defendant Zelman's attorneys $6,000 in costs. A review of the trial transcript reveals that defendant's counsel was well aware of the legal tightrope on which he was treading when he inquired of the witness employer about the hospital's settlement. Under the circumstances, rather than proceeding, the proper course would have been for counsel to seek a ruling from the court, outside the presence of the jury, as to whether it would be permissible to make a reference to the settlement. In view of the time, effort and billable hours already invested in the trial, I find the imposition of costs to be within the Judge's discretion.