■ VICKI OPPENHEIM, Respondent, v UNITED CHARITIES OF NEW YORK et al., Appellants, et al., Defendants. [680 NYS2d 232] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered February 9, 1998, to the extent that it denied the portion of defendant United Charities' motion seeking to compel plaintiff to appear in New York for cross-examination at trial or alternatively to allow defense counsel to cross-examine plaintiff *de bene esse* (presumably at a location more convenient to plaintiff), unanimously reversed, on the law, the

facts and in the exercise of discretion, without costs, and plaintiff ordered to present herself for videotaped cross-examination at the same location in Texas where she appeared for pre-trial deposition.

In this action to recover for toxic injury, an earlier IAS Court order directed, in July 1997, that plaintiff be deposed at a location in Texas that would not enhance her case by lending credibility to her claim that she is now confined to a toxin-free environment. Accordingly, her deposition was held at the Environmental Health Center in Dallas on November 10-11, 1997, with each party bearing its own expenses. At the conclusion, defense counsel, having questioned the witness during the deposition, refused to conduct a formal cross-examination because considerable discovery was still outstanding. That refusal did not constitute a waiver of defendants' right to test the credibility of this adverse witness with regard to all the disputed evidence (*see, Hill v Arnold*, 226 AD2d 232, 233) upon completion of discovery.

In the order now appealed from, the court erroneously ascribed to the earlier order a "determin[ation that plaintiff] is confined to her 'toxic free' home in Dallas". Not only was there no such determination in the earlier order, but there is evidence that plaintiff has indeed traveled outside her specially constructed home, driving on occasion as far as Albuquerque. While this does not lead to the inevitable conclusion that she is able to travel to New York, it does indicate that a return to the Environmental Health Center in Dallas, for videotaped cross-examination, is a feasible alternative.

With respect to the motion accompanying this appeal, plaintiff's supplemental record, as reduced to include only the IAS Court's prior decision and order, is accepted, and the footnote on page 3 of defendants' reply brief is deemed withdrawn, on consent. Concur—Sullivan, J. P., Wallach, Williams and Andrias, JJ.