■ DORA MALDONADO, Individually and as Parent and Natural Guardian of EDWIN RODRIGUEZ, an Infant, Appellant, v CHRISTINE COTTER et al., Respondents, et al., Defendants. [685 NYS2d 339] —Judgment unanimously reversed on the law without costs and new trial granted in accordance with the following Memorandum: Plaintiff appeals from a judgment upon a jury verdict of no cause of action in this medical malpractice action. Plaintiff commenced this action individually and on behalf of her 14-month-old son to recover damages for injuries arising from complications following elective surgery on her son at Children's Hospital of Buffalo (Hospital). Plaintiff's son was admitted to the Hospital for repair of an undescended testicle and hernia. Plaintiff has withdrawn her appeal with respect to the verdict in favor of the urologist who performed the surgery. The anesthesia care was provided by members of defendant Bryant Street Anesthesiologists, P. C. After surgery, plaintiff's son was moved to the recovery room. There was evidence that he was left unattended for several minutes by the recovery room nurse assigned to his care, during which time he suffered cardiopulmonary arrest. Although he was resuscitated, his oxygen deprivation resulted in severe brain damage.

Plaintiff filed a complaint in 1990 against the Hospital, the recovery room nurse and the other medical personnel who were involved in the care of her son. During jury selection at a prior trial, plaintiff settled with the Hospital and the recovery room nurse. The court declared a mistrial. The second trial resulted in this verdict of no cause of action.

Supreme Court erred at trial in excluding evidence concerning the failure of the attending anesthesiologist and the nurse anesthetist to order continuous electronic monitoring of plaintiff's son in the recovery room based on his particular medical history and the course of anesthetics administered to him. Contrary to the contention of Christine Cotter, C.R.N.A., John B. Stevens, M.D., Leo Kane, M.D. and Bryant Street Anesthesiologists, P. C. (defendants), that theory of liability was alleged as early as 1990 in plaintiff's verified bill of particulars directed to them, and was repeated in her amended bill of particulars against them. Both pleadings allege that defendants failed to "establish and use appropriate cardiac and respiratory monitoring equipment in the recovery room". At trial, plaintiff's attorney contended that plaintiff's expert would have testified that electronic monitoring should have been used on plaintiff's son because of a history of an upper respiratory infection, and because he was unconscious and intubated when he was taken to the recovery room. That theory addressed defendants' alleged deviation from acceptable standards of care and was not an attempt to blame defendants for the Hospital's policy decisions about what equipment to provide. Plaintiff's offers of proof established that various electronic monitors were available in the recovery room at the time of the surgery upon order of the anesthesiologist or nurse anesthetist. Thus, the decision not to order their use in this particular case was a medical determination, not a matter of Hospital policy.

Further, defendants failed to establish either prejudice or surprise due to the alleged omission of the theory of continuous electronic monitoring against the attending anesthesiologist and the nurse anesthetist in plaintiff's expert disclosure notice under CPLR 3101 (d). Allegations that the expert would testify that they deviated from acceptable standards of care by failing "to monitor the infant after removing him from the operating room" and "fail[ing] to appreciate changes in [his] respiratory rate and to properly access, monitor and respond to those changes" gave defendants sufficient notice of that theory (see, Gallo v Linkow, 255 AD2d 113; Rook v 60 Key Centre, 239 AD2d 926). Because the court precluded plaintiff from introducing any evidence on a theory that might have resulted in a different verdict, a new trial before a different Justice is necessary (see, Harding v Noble Taxi Corp., 182 AD2d 365, 370-371).

Because we are reversing the judgment and granting a new trial before a different Justice, we note that the court also erred in excluding portions of the New York State Department of Health Statement of Deficiencies and Plan of Correction

(Statement). Pursuant to Public Health Law § 10 (2), the written reports of State health inspectors on questions of fact related to the enforcement of the Public Health Law "shall be presumptive evidence of the facts so stated therein, and shall be received as such in all courts and places" (Public Health Law § 10 [2]; *see,* Prince, Richardson on Evidence § 8-1105, at 694 [Farrell 11th ed]). Because the Hospital is no longer a defendant, however, on retrial the Statement must be redacted insofar as it states that the Hospital provided care that did not meet generally accepted standards and charges violations of regulations that apply only to hospitals (*see,* 10 NYCRR part 405). To the extent that the Statement contains findings of fact and not legal conclusions, such as that the nurse anesthetist did not lighten the anesthetic prior to the end of surgery, such facts are admissible under Public Health Law § 10 (2), provided the document is otherwise admissible (*see,* CPLR 4540). Absent evidence of an agreement by the nurse anesthetist to abide by Hospital policies, however, the finding in the Statement that she violated a Hospital policy is inadmissible on the ground that she is not an employee of the Hospital (*see, Oubre v Carpenter,* 241 AD2d 964).

Although plaintiff failed to preserve this issue for our review by a timely objection, we nevertheless note that the court further erred in informing the parties that it would grant a motion notwithstanding the verdict should the jury attribute liability to the surgeon. The court did not abuse its discretion in reserving decision on the surgeon's motion for judgment at the close of plaintiff's evidence (*see, Vera v Knolls Ambulance Serv.,* 160 AD2d 494, 496). Plaintiff was prejudiced, however, when the court permitted the surgeon's attorney to participate in summations with the knowledge that the court would grant a motion notwithstanding the verdict should the jury attribute liability to the surgeon. The surgeon's attorney was thereby able to argue with defendants that the absent defendants who settled with plaintiff were wholly responsible for her son's injuries.

The court properly allowed defendants to cross-examine the recovery room nurse concerning the fact but not the amount of plaintiff's settlement with the Hospital, pursuant to which that nurse also was released from liability. "It has long been recognized that a prior settlement might well have an impact upon the credibility of a witness called to testify on behalf of a former adverse party" (*Hill v Arnold,* 226 AD2d 232, 233).

Because plaintiff failed to object to the reading of depositions by defendants' attorney at trial, that issue is not preserved for

our review (*see generally, Tomaino v Tomaino,* 68 AD2d 267, 270).

The court properly struck certain testimony by the occupational, speech and physical therapists for plaintiff's son concerning whether his responses were cognitive and not merely involuntary muscle movements. Plaintiff failed to show that those witnesses were qualified to give opinions concerning her son's cognitive abilities.

Finally, the court did not err in granting defendants' motion to dismiss plaintiff's demand for punitive damages. The conduct alleged "does not approach the level of gross indifference to patient care necessary to support a claim for punitive damages" (*Pascazi v Pelton,* 210 AD2d 910; *see also, Mullany v Eiseman,* 125 AD2d 457). (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Negligence.) Present—Pine, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.