*780 OPINION OF THE COURT
Kibbie F. Payne, J.
This is a posttrial application made by plaintiffs, Joseph Andresen and Adrienne Aridresen, for an order setting aside the verdict rendered on October 2, 2001 and for a new trial (CPLR 4404 [a]), on the ground that the defense counsel’s introduction of evidence concerning plaintiffs’ pretrial settlement with a nonparty, Kevin Leeks, violated CPLR 4547 and deprived plaintiffs of a fair trial. Subsequent to the motion being marked “default” in the motion support office, the trial attorney for defendants Hannah Kirschner, doing business as Hannah’s Moving, and John Duval, on December 5, 2001, served opposition to the motion requesting that the default be vacated and that the court accept defendants’ opposition papers. It appears plaintiffs’ attorney served the attorney of record for defendants, Steven R. Harris, rather than trial counsel, Barry McTiernan & Moore. Consequently, trial counsel was unaware of the instant motion to set aside the verdict until recently. The issue of service aside, this court grants defendants’ application to vacate the default marking and to permit defendants to submit opposing papers and accepts defendants’ papers in opposition, preferring to reach the merits of the motion.
The action was brought to recover damages for personal injuries sustained as a result of a motor vehicle accident involving plaintiff Joseph Andresen’s vehicle, a minivan driven by the nonparty Kevin Leeks and a moving truck owned by defendants Hannah Kirschner, doing business as Hannah’s Moving, and driven by defendant John Duval. Plaintiff’s claim against the nonparty Kevin Leeks was settled before this action was filed. Thereafter, on September 26, 2001, a trial of the action against the above-captioned defendants ensued before this court and a jury. The issue of liability was sharply contested. At trial, defendants denied that they were in any way responsible for the accident and strongly challenged plaintiffs’ assertion that plaintiff was injured when defendants’ moving truck entered Mr. Andresen’s lane of travel and collided with the rear of plaintiff’s vehicle. Defendants allege instead that it was the nonparty, Kevin Leeks, who is responsible for the accident and Mr. Andresen’s injury. In order to establish its allegations against the settling nonparty Kevin Leeks, defendants’ attorney began his cross-examination of Mr. Andresen by eliciting facts concerning details of the pretrial settlement. Plaintiffs’ counsel failed to make a timely objection to defense counsel’s questions about the settlement, nor did she move to strike such testimony. As a result, the jury learned that the plaintiff Joseph Andresen’s claim for personal injury *781 and property damage against the nonparty did not go to trial, but had been settled for an unspecified amount of money prior to the trial of this action. Defense counsel admits in his Affirmation in Opposition that the “clear intent [of CPLR 4547] is to prevent from entry into evidence any testimony, etc. regarding settlement negotiations between the parties to litigation.” However, he argues that the admission of such evidence in this case was permissible to demonstrate plaintiffs “bias.” The court rejects counsel’s contrived construction of the exceptions to this exclusionary rule. To say that a party is “biased,” is to state the obvious. Bias is a form of interest in the outcome of the litigation and party plaintiffs or defendants are always interested witnesses, since they have a motive to shield themselves from blame as actors in the transaction at issue (see, e.g., Coleman v New York City Tr. Auth., 37 NY2d 137). But, the exception to the exclusion of the statute which allows the introduction of testimony concerning settlement on the issue of credibility relates to settlement by an adverse witness with the party for whom the witness is called to testify (Hill v Arnold, 226 AD2d 232, 233; Pretto v Leiwant, 80 AD2d 579, 580). Moreover, while such inquiry is permissible on the issue of credibility under certain exceptions, it may not be considered on the issue of liability (Woodland v Cote, 252 App Div 254). CPLR 4547 codifies the long established common-law rule in New York that “the settlement of a disputed claim or an offer to settle * * * is inadmissible to prove either the liability of the alleged wrongdoer or the weakness of the claimant’s cause of action” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 4547, 2001-2002 Interim Pocket Part, at 105). Thus, evidence of settlement payment or offers to pay are to be excluded unless offered for some other purpose, such as, to prove the bias or prejudice of a witness, to negate a contention of undue delay, or as proof of an effort to obstruct a criminal investigation or prosecution (id. at 106-107), none of which are applicable in this case. Defendants’ attorney had no purpose in eliciting such information, other than to convince the jury that the nonparty driver, Kevin Leeks, was responsible for the accident and any resulting injury suffered by Mr. Andresen; and further, that Mr. Andresen had already been compensated for that injury. Counsel’s inquiry was improper and clearly ran afoul of the longstanding ban of settlement evidence when it is attempted to be used to establish liability or to mitigate damages (see, Sabin-Goldberg v Horn, 179 AD2d 462, 463). Additionally, notwithstanding *782 plaintiffs counsel’s failure to object, it was error for this court to have permitted defense counsel to cross-examine Mr. Andre-sen as to the settlement in the presence of the jury (Sky v Kahan-Frankl, 47 AD2d 939; also see, Catalfamo v Boucher, 33 AD2d 1081; Smith v Majestic Iron Works, 2 NY2d 544; Tennant v Dudley, 144 NY 504). CPLR 4533-b provides that:
“In an action for personal injury, injury to property or for wrongful death, any proof as to payment by or settlement with another joint tort-feasor, or one claimed to be a joint tort-feasor, offered by a defendant in mitigation of damages, shall be taken out of the hearing of the jury. The court shall deduct the proper amount, as determined pursuant to section 15-108 of the general obligations law, from the award made by the jury.”
The fact of settlement itself should not be disclosed to the jury or attempted to be used to mitigate damages. The purpose of this section is to avoid potential prejudice to a plaintiff which may result, if the jury gains knowledge of the settlement and returns a nominal verdict on the assumption that the settling party must have been the only culpable party (Abernethy v Azzoni, 78 Misc 2d 832, 833; Pellegrino v New York City Tr. Auth., 177 AD2d 554, 558; Hill v Arnold, supra at 234 [dissenting op of Tom, J.]).
Finally, the sharply conflicting facts coupled with the prejudicial influence the fact of settlement may have had on the minds of the jurors require the court to grant the motion to set aside the verdict and to direct a new trial. Ordinarily, plaintiffs’ failure to object to defense counsel’s line of questioning would be deemed a waiver. But, where as here, the error is fundamental, a new trial is compelled in the interest of justice (see, Antonucci v Town of Irondequoit, 81 AD2d 743, 744), particularly since the jury could have found otherwise, had the fact of settlement remained undisclosed. Such evidence improperly added materially to the weight of the evidence adduced by defendants and substantially prejudiced the right of the plaintiffs to a fair trial (CPLR 2002).
Accordingly, plaintiffs’ motion to set aside the jury verdict and for a new trial is granted.