■ DANIEL H. NEUMIRE, SR., et al., Appellants-Respondents, v KRAFT FOODS, INC., Respondent and Third-Party Plaintiff-Respondent. R & L PERRY CONSTRUCTION, INC., Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendant. (Appeal No. 2.) [737 NYS2d 457] —Appeal and cross appeal from a judgment of Supreme Court, Steuben County (Bradstreet, J.), entered February 29, 2000, granting, inter alia, plaintiff Daniel H. Neumire, Sr. judgment for $2,480,837 with interest.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Daniel H. Neumire, Sr. (plaintiff) in a flash fire that erupted after he entered a 5,000-gallon lift station tank that is part of a septic system at a cheese plant owned by defendant, Kraft Foods, Inc. (Kraft). Plaintiff, an employee of third-party defendant R & L Perry Construction, Inc. (RLP), was attempting to repair a leak in the tank that had recently been installed by RLP. Plaintiffs appeal and RLP cross-appeals from a judgment entered upon a jury verdict awarding plaintiffs more than $10 million in past and future damages on the Labor Law § 241 (6) claim arising from RLP's alleged failure to comply with confined space safety procedures (*see,* 12 NYCRR 12-1.9, 23-1.7 [g]). Liability was apportioned 75% to plaintiff and 25% to Kraft based on Kraft's vicarious liability for RLP's acts.

Contrary to plaintiffs' contention, Supreme Court properly submitted to the jury the issue whether plaintiff was negligent in deciding to repair the tank from the inside rather than the outside. Although there is no direct evidence that plaintiff was aware of the danger arising from the accumulation of methane gas inside the tank, there is circumstantial evidence that he knew or should have known of the danger involved, having been employed by RLP for three years and knowing that methane gas is a byproduct of the septic system. Even if plaintiff was unaware of that danger, his "failure to use reasonable care to discover the risk may constitute contributory negligence" (*McCabe v Easter*, 128 AD2d 257, 259). "[I]t cannot be ruled, as a matter of law, that plaintiff bears no responsibility for the injuries he sustained" (*Delemos v White*, 173 AD2d 353, 355).

We reject plaintiffs' further contention that, even if plaintiff was negligent, his negligence was not a proximate cause of his injuries. That negligence placed plaintiff in a position to be harmed by the negligence of RLP. "This was sufficient for comparative negligence to apply, even if [plaintiff] would not have suffered *any* harm, but for the [defendant's] fault" (*Clark v State of New York*, 124 AD2d 879, 881 [emphasis in original]).

RLP contends that the court erred in failing to dismiss the Labor Law § 241 (6) claim as a matter of law on the ground that plaintiff's entry into the tank was an unauthorized, superseding act severing any causal connection between any alleged violation of that section and plaintiff's injuries. We disagree. Contrary to RLP's contention, plaintiff is protected by Labor Law § 241 (6) because he was on the site performing work for a contractor hired by the owner (*see, Crowther v City of New York*, 262 AD2d 519, 520). He did not lose that protection by deviating from proper procedures in entering the tank to perform his assigned task (*see,* CPLR 1411). Whether plaintiff's negligence in entering the tank was foreseeable was an issue of fact for the jury to resolve (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784).

Contrary to the further contention of plaintiffs and RLP, the court properly instructed the jury pursuant to PJI 2:216A that Kraft's alleged liability under Labor Law § 241 (6) is vicarious only, inasmuch as it is undisputed that Kraft did not control plaintiff's work (*see, Elezaj v Carlin Constr. Co.*, 225 AD2d 441, 443, *affd* 89 NY2d 992; *see also, Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 348-350). In addition, because Kraft's alleged liability under Labor Law § 241 (6) is vicarious only, the court properly charged the jury to consider only the alleged culpable conduct of RLP and plaintiff in apportioning damages (*see, La-Barge v Griffin Pipe Prods. Co.*, 170 AD2d 942, 943-944). Furthermore, because Kraft is only vicariously liable under the Labor Law, Kraft is entitled to common-law indemnification from RLP (*see, Chapel v Mitchell*, 84 NY2d 345, 347-348), and thus we do not consider RLP's contentions concerning contractual indemnification.

Plaintiffs contend that the court erred in refusing to admit in evidence reports relied upon by their expert in reaching his opinion regarding the cause of the fire. We disagree. Plaintiffs offered the reports as evidence-in-chief on the issue of causation and failed to lay the foundation for their admission in evidence. The fact that their expert reviewed the reports and relied upon them in reaching his opinion does not render those reports admissible as a matter of law (*see, Borden v Brady*, 92

AD2d 983, 983-984; *see also, Sigue v Chemical Bank*, 284 AD2d 246, 246-247; *Brown v County of Albany*, 271 AD2d 819, 821, *lv denied* 95 NY2d 767). On appeal, RLP joins plaintiffs' contention that the court erred in failing to admit these reports in evidence. At trial, however, RLP joined in Kraft's objections to the admission of the reports and thus its present contention is not preserved for our review (*see*, CPLR 5501 [a] [3]).

Plaintiffs' remaining contentions concern the admissibility of certain evidence at trial. Plaintiffs' contentions concerning evidence that plaintiff was observed chewing on a cigar before the accident are not preserved for our review (*see*, CPLR 5501 [a] [3]). Contrary to plaintiffs' further contention, the court did not abuse its discretion in limiting testimony concerning the post-accident repair of the lift station tank (*see, Bolm v Triumph Corp.*, 71 AD2d 429, 436, *lv dismissed sub nom. Bolm v Birmingham Small Arms*, 50 NY2d 928). Additionally, we conclude that the court did not abuse its discretion in denying plaintiffs' objection to certain testimony by Kraft's expert that allegedly exceeded the scope of Kraft's expert witness disclosure (*see*, CPLR 3101 [d] [1] [i]). That testimony "was not so inconsistent with the information and opinions contained [in the expert witness disclosure], nor so misleading, as to warrant preclusion of the expert testimony" (*Andaloro v Town of Ramapo*, 242 AD2d 354, 355, *lv denied* 91 NY2d 808, quoting *Hageman v Jacobson*, 202 AD2d 160, 161 [internal quotation marks omitted]; *see, Burton v State of New York*, 283 AD2d 875, 877-878). Finally, contrary to the contention of RLP, its belated request for a curative instruction does not preserve for our review its objection to comments made by the attorney for Kraft in his opening statement (*see, Rubio v Reilly*, 44 AD2d 592, 592-593). Present—Wisner, J.P.; Hurlbutt, Kehoe and Burns, JJ.