■ JOSEPH ANDRESEN et al., Respondents, v HANNAH KIRSCHNER et al., Appellants. [746 NYS2d 258]

During the trial of this personal injury action, defense counsel, on cross-examination, elicited from plaintiff testimony admitting that he had previously asserted a claim based on the same motor vehicle accident against Kevin Leeks, who is not a party to this action, and had settled that claim. Although plaintiffs' counsel successfully objected to inquiry into the amount of the settlement, no objection was made to the line of inquiry seeking to establish the fact of the settlement with Leeks. Nor did plaintiffs' counsel make any effort, prior to verdict, to have the testimony concerning the settlement excluded from the jury's consideration. After the jury returned a verdict in favor of defendants, finding, inter alia, that Leeks had been the driver at fault in the accident, plaintiffs moved pursuant to CPLR 4404 (a) for an order setting aside the verdict and granting a new trial, on the ground that the admission of evidence concerning the settlement had violated CPLR

4547. In granting this motion, the trial court erred. Where a party fails to make timely objection to a line of inquiry during the examination of a witness at trial, as required by CPLR 4017, "the testimony offered is presumed to have been unobjectionable and any alleged error considered waived" (*Horton v Smith*, 51 NY2d 798, 799; *see also, e.g., Simon v Indursky*, 211 AD2d 404, 405; *Komsa v Colonial Penn Ins. Co.*, 188 AD2d 367). Accordingly, the verdict should be reinstated and judgment entered thereon. Concur—Nardelli, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ. [*See* 190 Misc 2d 779.]