■ DONALD F. STEVENS et al., Appellants, v AMAR ATWAL, M.D., Respondent, et al., Defendants. (Appeal No. 1.) [815 NYS2d 843]—Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered March 31, 2005 in a medical malpractice action. The order denied plaintiffs' motion to set aside the verdict.

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered April 21, 2005 in a medical malpractice action. The order and judgment, upon a jury verdict, dismissed the complaint against defendant Amar Atwal, M.D.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously reversed in the interest of justice with costs, the motion of defendant Amar Atwal, M.D. is denied, the amended expert witness disclosure is reinstated, plaintiffs' motion is granted, the verdict is set aside, the complaint is reinstated and a new trial is granted.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Donald F. Stevens (plaintiff) as the alleged result of the misdiagnosis by, inter alia, Amar Atwal, M.D. (defendant) of his condition as optic neuritis and defendants' failure to diagnose and treat plaintiff's actual condition, optic nerve sheath meningioma. The jury found that defendant was not negligent, and Supreme Court denied plaintiffs' motion to set aside the verdict "in the interests of justice" and as against the weight of the evidence.

We agree with plaintiffs that the court should have set aside the verdict and granted a new trial in the interest of justice pursuant to CPLR 4404 (a). "A court should grant a new trial in the interest of justice 'only if there is evidence that substantial justice has not been done . . . as would occur, for example, where the trial court erred in ruling on the admissibility of evidence" (*Butler v County of Chautauqua*, 277 AD2d 964, 964 [2000]). As plaintiffs correctly contended in support of their posttrial motion, the court erred in permitting the cross-examination of plaintiff with respect to plaintiffs' settlements with former defendants involved in the diagnosis and treatment of plaintiff's condition. Evidence of those settlements is inadmissible on the issue of the liability of defendant or the former defendants (*see* CPLR 4547; *Andresen v Kirschner*, 190 Misc 2d 779, 781 [2001], *revd on other grounds* 297 AD2d 235 [2002]; *see generally Bevilacqua v Gilbert*, 143 AD2d 213 [1988]; *Bigelow-Sanford v Specialized Commercial Floors of Rochester*, 77 AD2d 464, 466 [1980]). Rather, that evidence was admissible only if offered "for another purpose, such as proving bias or prejudice of a witness" (CPLR 4547; *see Maldonado v Cotter*, 256 AD2d 1073, 1075 [1998]; *Hill v Arnold*, 226 AD2d 232, 233 [1996]; *Hayes v Henault*, 131 AD2d 930, 932 [1987]). Contrary to the contention of defendant and the determination of the court, evidence of plaintiffs' settlements does not fall within the exception for proving bias or prejudice of a witness. Although " 'a prior settlement might well have an impact upon the credibility of a witness called to testify on behalf of a former adverse party' " (*Maldonado*, 256 AD2d at 1075, quoting *Hill*, 226 AD2d at 233), here the settlements had no bearing on plaintiff's credibility (*see Andresen*, 190 Misc 2d at 780-781). The admission of that evidence was highly prejudicial to plaintiffs because it permitted the jury to infer that the former defendants were responsible for plaintiff's injuries and that plaintiffs had been compensated for those injuries (*see Bevilacqua*, 143 AD2d at 213; *Andresen*, 190 Misc 2d at 781). Contrary to defendant's further contention, the court's limiting instruction did not cure the error or alleviate that prejudice (*see generally Caputo v New York City Tr. Auth.*, 86 AD2d 883 [1982]), and thus it cannot be said that there is the requisite "evidence that substantial justice has . . . been done" (*Gomez v Park Donuts*, 249 AD2d 266, 267 [1998], citing *Matter of De Lano*, 34 AD2d 1031, *affd* 28 NY2d 587 [1971]).

We further agree with plaintiffs that they are entitled to a new trial based on the court's error in precluding plaintiffs' expert from testifying with respect to plaintiffs' theory that defendant was negligent in failing to perform certain testing that

would have led to a correct diagnosis. That testimony was consistent with the allegations of negligence in plaintiffs' bill of particulars (*see generally Felock v Albany Med. Ctr. Hosp.*, 258 AD2d 772, 773 [1999]), and plaintiffs provided the requisite notice of that theory of negligence in each of their expert witness disclosures (*see Neumire v Kraft Foods*, 291 AD2d 784, 786 [2002], *lv denied* 98 NY2d 613 [2002]; *Maldonado*, 256 AD2d at 1074). Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Green, JJ.