■ JULIE MILLER, Individually and as Administrator of the Estate of CHARLES J. MILLER, Deceased, Appellant, v MARVIN GALLER, M.D., et al., Respondents. (Appeal No. 1.) [844 NYS2d 759]—Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered June 5, 2006 in a medical malpractice and wrongful death action. The order denied plaintiff's motion to set aside the jury verdict and direct judgment in favor of plaintiff or, in the alternative, grant a new trial.

Appeal from a judgment of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered April 26, 2006 in a medical malpractice and wrongful death action. The judgment, upon a jury verdict, dismissed the complaint against defendant Marvin Galler, M.D.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In this medical malpractice and wrongful death action commenced by plaintiff individually and on behalf of her husband (decedent), plaintiff appeals from two judgments that, respectively, dismissed the complaint against defendants based on the jury's finding of no negligence on their part. We

reject plaintiff's contention that the expert disclosure of defendant George Kotlewski, M.D. failed to specify the substance of his medical expert's opinion with respect to decedent's ongoing septic shock syndrome and that Supreme Court thus should have precluded such expert testimony. A party must "disclose in reasonable detail the subject matter on which each expert is expected to testify [and] the substance of the facts and opinions on which each expert is expected to testify" (CPLR 3101 [d] [1] [i]; *see generally Maldonado v Cotter*, 256 AD2d 1073, 1074 [1998]; *Andaloro v Town of Ramapo*, 242 AD2d 354, 355 [1997], *lv denied* 91 NY2d 808 [1998]). Here, plaintiff had sufficient notice of the expert's testimony that decedent suffered from septic shock (*see Stevens v Atwal* [appeal No. 2], 30 AD3d 993, 995 [2006]; *Maldonado*, 256 AD2d at 1074; *cf. Lidge v Niagara Falls Mem. Med. Ctr.* [appeal No. 2], 17 AD3d 1033, 1035 [2005]), and the expert's testimony thus " 'was not so inconsistent with the information and opinions contained [in the expert witness disclosure], nor [was that expert disclosure] so misleading, as to warrant preclusion of [such] testimony' " (*Andaloro*, 242 AD2d at 355; *see Neumire v Kraft Foods*, 291 AD2d 784, 786 [2002], *lv denied* 98 NY2d 613 [2002]; *Burton v State of New York*, 283 AD2d 875, 877-878 [2001]).

We further conclude that the court properly refused to allow plaintiff to impeach the credibility of defendant Marvin Galler, M.D. on direct examination by questioning him with respect to a criminal conviction. Indeed, it is well established that an adverse party or a hostile witness may not be impeached on direct examination by evidence of his or her criminal conviction (*see Skerencak v Fischman*, 214 AD2d 1020, 1020-1021 [1995]; Prince, Richardson on Evidence § 6-421 [Farrell 11th ed]; *see also Hanrahan v New York Edison Co.*, 238 NY 194, 197-198 [1924]). Present—Scudder, P.J., Gorski, Lunn, Peradotto and Green, JJ.