# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**799**

**CA 10-02402**

PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND GREEN, JJ.

---

JAMES R. BYRNES, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CLYDE SATTERLY, M.D., DEFENDANT-RESPONDENT,
ET AL., DEFENDANT.

---

FRANK A. BERSANI, JR., SYRACUSE (RYAN L. ABEL OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

SUGARMAN LAW FIRM, SYRACUSE (DANIELLE MIKALAJUNAS FOGEL OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County
(Brian F. DeJoseph, J.), entered August 31, 2010 in a medical
malpractice action. The judgment awarded costs and disbursements to
defendant Clyde Satterly, M.D.

It is hereby ORDERED that the judgment so appealed from is
reversed on the law without costs and a new trial is granted.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he sustained as the result of the alleged malpractice of
Clyde Satterly, M.D. (defendant) in prescribing medication that caused
plaintiff to develop neuroleptic malignant syndrome. He now appeals
from a judgment entered in defendant's favor, the jury having found
that defendant was not negligent in the care and treatment of
plaintiff and that he provided appropriate information to plaintiff
before obtaining plaintiff's consent to the use of the medication.

We agree with plaintiff that Supreme Court erred in precluding
his expert from testifying with respect to the theory that defendant
was negligent in failing to monitor plaintiff after prescribing the
medication at issue. Plaintiff asserted in his expert disclosure
statement that the expert would testify, inter alia, concerning "the
*treatment* rendered to plaintiff by defendant . . . in prescribing
Zyprexa," which encompasses monitoring the effect of the drug on
plaintiff (emphasis added). Thus, the proposed "testimony 'was not so
inconsistent with the information and opinions contained [in the
expert disclosure statement], nor so misleading, as to warrant
preclusion of the expert testimony' " (*Neumire v Kraft Foods*, 291 AD2d
784, 786, *lv denied* 98 NY2d 613). Further, in light of the
allegations in the complaint that defendant was negligent in failing
to monitor plaintiff's medication and condition, defendant "cannot

claim either surprise or prejudice" arising from the alleged inadequacy of plaintiff's expert disclosure statement (*Ruzycki v Baker*, 9 AD3d 854, 855).  "Because the court precluded plaintiff from introducing any evidence on a theory that might have resulted in a different verdict," we conclude that a new trial is required (*Maldonado v Cotter*, 256 AD2d 1073, 1074).

All concur except SCUDDER, P.J., and SMITH, J., who dissent and vote to affirm in the following Memorandum:  We respectfully dissent because we cannot agree with the majority that Supreme Court abused its discretion in precluding plaintiff's expert from rendering an opinion that exceeded the scope of the expert disclosure statement plaintiff provided to defendants during pretrial discovery and thus that reversal on the law is warranted (*see e.g. McColgan v Brewer*, ___ AD3d ___ [May 12, 2011]; *Neumire v Kraft Foods*, 291 AD2d 784, 786, *lv denied* 98 NY2d 613).  Nor can it be said that the court improvidently exercised its discretion so as to warrant reversal in the exercise of our discretion (*see e.g. Ryan v St. Francis Hosp.*, 62 AD3d 857, *lv denied* 13 NY3d 708; *LaFurge v Cohen*, 61 AD3d 426, *lv denied* 13 NY3d 701).

The expert disclosure requirements of CPLR 3101 (d) are "intended to provide timely disclosure of expert witness information between parties for the purpose of adequate and thorough trial preparation" (*Silverberg v Community Gen. Hosp. of Sullivan County*, 290 AD2d 788, 788; *see McColgan*, ___ AD3d at ___), and "trial courts are 'vested with broad discretion in addressing expert disclosure issues' " (*McColgan*, ___ AD3d at ___).  We acknowledge that the extremely generalized allegations set forth in the complaint included allegations that Clyde Satterly, M.D. (defendant), inter alia, failed "to properly and adequately treat plaintiff's condition"; failed "to provide and afford proper and careful medical care"; and failed "to properly monitor plaintiff's condition during the course of treatment."  The bill of particulars, however, narrowed the scope of the alleged malpractice to events occurring on May 10, 2006, the date on which defendant prescribed Zyprexa, which is the drug that allegedly caused plaintiff to develop, inter alia, neuroleptic malignant syndrome.  In the bill of particulars, plaintiff limited his theories of negligence to those that related to the initial prescribing of Zyprexa.  It is well established that "[t]he purpose of a bill of particulars is to amplify the pleadings, limit proof, and prevent surprise at trial" (*Mayer v Hoang*, 83 AD3d 1516, 1517 [internal quotation marks omitted]; *see Lamb v Rochester Gen. Hosp.*, 130 AD2d 963).  We thus conclude that, by limiting the theories of negligence in the bill of particulars, plaintiff abandoned the generalized, boilerplate allegations in the complaint that were not related to the initial prescribing of Zyprexa.

In his expert witness disclosure, plaintiff stated that the subject matter of the expert's testimony would relate, inter alia, to "the treatment rendered to plaintiff . . . *in prescribing* Zyprexa" (emphasis added); "the lack of adequate warnings regarding the risks of taking Zyprexa"; "the lack of informed consent"; and "the standard

of care for physicians prescribing Zyprexa and [defendant's] deviation from the standard of care." Thus, the expert's opinions were to be limited to purported errors in the initial prescribing of the drug. At trial, however, plaintiff's attorney sought to elicit opinions on theories of negligence not advanced in either the bill of particulars or the expert witness disclosure. We therefore conclude that the court properly precluded plaintiff's expert from testifying with respect to those additional theories of liability (*see e.g. Ryan*, 62 AD3d 857; *LaFurge*, 61 AD3d 426; *Desert Storm Constr. Corp. v SSSS Ltd. Corp.*, 18 AD3d 421, 422; *Lidge v Niagara Falls Mem. Med. Ctr.* [appeal No. 2], 17 AD3d 1033, 1035). Contrary to the position of the majority, we conclude that the proposed testimony was in fact so inconsistent with the theories of malpractice advanced in the bill of particulars and expert witness disclosure that preclusion was warranted on the ground that plaintiff misled defendant to believe that his theories of malpractice were limited to acts or omissions occurring in the initial prescribing of Zyprexa (*cf. Stevens v Atwal* [appeal No. 2], 30 AD3d 993, 994-995; *Neumire*, 291 AD2d at 786; *Maldonado v Cotter*, 256 AD2d 1073, 1074; *Andaloro v Town of Ramapo*, 242 AD2d 354, 355, *lv denied* 91 NY2d 808). There is no indication in the record before us that defendant was alerted to the additional theories plaintiff sought to introduce at trial. Allowing plaintiff to introduce such evidence concerning those additional theories therefore would have resulted "in a significant and impermissible change of the theory of plaintiff's case . . ., thereby significantly prejudicing defendant" (*Conroe v Barmore-Sellstrom, Inc.*, 12 AD3d 1121, 1123).

Entered:  June 17, 2011                      Patricia L. Morgan
                                             Clerk of the Court