Appeal from a judgment of the Supreme Court, Onondaga County (Brian F. DeJoseph, J), entered August 31, 2010 in a medical malpractice action. The judgment awarded costs and disbursements to defendant Clyde Satterly, M.D.
*1712 It is hereby ordered that the judgment so appealed from is reversed on the law without costs and a new trial is granted.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained as the result of the alleged malpractice of Clyde Safterly, M.D. (defendant) in prescribing medication that caused plaintiff to develop neuroleptic malignant syndrome. He now appeals from a judgment entered in defendant’s favor, the jury having found that defendant was not negligent in the care and treatment of plaintiff and that he provided appropriate information to plaintiff before obtaining plaintiffs consent to the use of the medication.
We agree with plaintiff that Supreme Court erred in precluding his expert from testifying with respect to the theory that defendant was negligent in failing to monitor plaintiff after prescribing the medication at issue. Plaintiff asserted in his expert disclosure statement that the expert would testify, inter alia, concerning “the treatment rendered to plaintiff by defendant ... in prescribing Zyprexa,” which encompasses monitoring the effect of the drug on plaintiff (emphasis added). Thus, the proposed “testimony ‘was not so inconsistent with the information and opinions contained [in the expert disclosure statement], nor so misleading, as to warrant preclusion of the expert testimony’ ” (Neumire v Kraft Foods, 291 AD2d 784, 786 [2002], lv denied 98 NY2d 613 [2002]). Further, in light of the allegations in the complaint that defendant was negligent in failing to monitor plaintiffs medication and condition, defendant “cannot claim either surprise or prejudice” arising from the alleged inadequacy of plaintiffs expert disclosure statement (Ruzycki v Baker, 9 AD3d 854, 855 [2004]). “Because the court precluded plaintiff from introducing any evidence on a theory that might have resulted in a different verdict,” we conclude that a new trial is required (Maldonado v Cotter, 256 AD2d 1073, 1074 [1998]).
All concur except Scudder, PJ., and Smith, J, who dissent and vote to affirm in the following memorandum.