Zuzze v Butler (2021 NY Slip Op 00711)





Zuzze v Butler


2021 NY Slip Op 00711


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


789 CA 19-01321

[*1]KELLY ZUZZE, PLAINTIFF-APPELLANT,
v
BRYAN N. BUTLER, M.D., AND BUFFALO MEDICAL GROUP, P.C., DEFENDANTS-RESPONDENTS. (APPEAL NO. 3.) 






LAW OFFICE OF J. MICHAEL HAYES, BUFFALO (J. MICHAEL HAYES OF COUNSEL), FOR PLAINTIFF-APPELLANT.
CONNORS LLP, BUFFALO (JOHN T. LOSS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Erie County (Henry J. Nowak, J.), entered July 1, 2019. The judgment dismissed the amended complaint upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she allegedly sustained as a result of defendants negligently performing a hand-assisted laparoscopic, total proctocolectomy with permanent Brooke ileostomy to treat plaintiff's ulcerative colitis. She alleges that, during the proctocolectomy portion of the surgery, i.e., the portion of the surgery where her rectum was removed, defendant Bryan N. Butler, M.D. negligently severed her sacral nerves which caused her to sustain total loss of bladder function and resulted in an inability to urinate and, subsequently, stage IV kidney failure. After trial, the jury returned a verdict finding that Butler was not negligent in the performance of the surgery. Supreme Court denied plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict, and subsequently entered judgment dismissing the amended complaint. We affirm.
On appeal, plaintiff contends that the court erred by not granting her motion to set aside the verdict and awarding a new trial because defendants' theory of the case at trial impermissibly deviated from the theory set forth in their pretrial expert disclosures and on their cross motion for summary judgment, which resulted in a "trial by ambush." We disagree and conclude that a new trial is not warranted "in the interest of justice" because there was no showing that "substantial justice has not been done" (Stevens v Atwal [appeal No. 2], 30 AD3d 993, 994 [4th Dept 2006] [internal quotation marks omitted]). Specifically, plaintiff argues that defendants' pretrial theory of the case was that plaintiff suffered mere temporary loss of bladder function, and that defendants' theory of the case improperly changed midtrial when one of their experts testified, upon cross-examination by plaintiff, that 10 percent of patients who underwent the type of surgery performed on plaintiff suffered permanent issues voiding their bladder. Plaintiff moved to strike the offending expert testimony and, in our view, the court did not abuse its discretion in denying that motion (see generally Rivera v City of New York, 107 AD2d 331, 335 [1st Dept 1985], appeal dismissed 66 NY2d 912 [1985]).
Even assuming, arguendo, that the court erred by not striking that testimony, we conclude that the court did not err in denying plaintiff's motion to set aside the verdict inasmuch as substantial justice was done in this case because defendants' theory of the case did not change during trial (see generally Stevens, 30 AD3d at 994). Indeed, the trial record belies such a conclusion. Specifically, Butler and defendants' expert witnesses all consistently testified that Butler did not sever plaintiff's sacral nerves and that, immediately after the surgery, plaintiff [*2]sustained temporary loss of bladder function. Indeed, defendants' witnesses denied that plaintiff suffered a permanent injury and, instead, testified that she still had bladder function and sensation after the surgery, and that any permanent loss of bladder function was the result of plaintiff's failure to self-catheterize pursuant to the advice of her doctors. Thus, defendants' experts did not materially deviate from the pretrial expert disclosure or defendants' posture in their cross motion for summary judgment.
To the extent that there was testimony at trial establishing that a permanent bladder injury was an acceptable risk of the surgery, we note that such evidence was first raised by plaintiff's counsel during his direct examination of Butler. Regardless, any such testimony did not constitute a prejudicial change in defendants' theory of the case because the challenged testimony was phrased generically, and at no time did Butler or any of defendants' experts opine that plaintiff suffered permanent loss of bladder function because of the surgery.
In light of the foregoing, defendants' contentions regarding alternative grounds for affirming the judgment dismissing the amended complaint (see generally Matter of Tehan [Tehan's Catalog Showrooms, Inc.] [appeal No. 2], 144 AD3d 1530, 1531 [4th Dept 2016]) are academic.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court