Primosch v Peroxychem, LLC (2023 NY Slip Op 04285)

Primosch v Peroxychem, LLC

2023 NY Slip Op 04285

Decided on August 11, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, OGDEN, AND GREENWOOD, JJ.

555 CA 22-01904

[*1]STEVEN PRIMOSCH AND JEANNE PRIMOSCH, PLAINTIFFS-RESPONDENTS,
v
PEROXYCHEM, LLC, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

GOLDBERG SEGALLA LLP, BUFFALO (PAUL D. MCCORMICK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CARL W. MORGAN, P.C., HAMBURG (CARL W. MORGAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Lynn W. Keane, J.), entered January 7, 2022. The order granted the motion of plaintiffs for summary judgment on liability pursuant to Labor Law 
§ 200 and denied the cross-motion of defendant for summary judgment dismissing the complaint.
It is hereby ORDERED that said appeal from the order insofar as it denied those parts of defendant's cross-motion seeking summary judgment dismissing plaintiffs' Labor Law §§ 240 (1) and 241 (6) claims is unanimously dismissed without costs and the order is modified on the law by denying plaintiffs' motion.
Memorandum: Plaintiffs commenced this action asserting claims pursuant to Labor Law §§ 200, 240 (1), and 241 (6) for injuries that Steven Primosch (plaintiff) allegedly sustained when he received an electric shock while performing work on a vacuum circuit breaker (VCB) at defendant's substation. The electrical power to the VCBs was ordinarily cut off for the purposes of the work plaintiff was performing, but at the time of the accident, VCB #6, on which plaintiff was working, had not been de-energized.
In appeal No. 1, defendant appeals from an order that granted plaintiffs' motion for summary judgment on the issue of defendant's liability under Labor Law § 200 and denied defendant's cross-motion for summary judgment dismissing the complaint. Following entry of the order in appeal No. 1, defendant moved for, inter alia, leave to reargue its cross-motion insofar as it sought summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims, and plaintiffs cross-moved for leave to reargue with respect to those claims, seeking a determination that plaintiff was performing the protected activity of cleaning. Supreme Court granted leave to reargue and, in appeal No. 2, defendant appeals from an order that, upon reargument, adhered to the prior determination denying those parts of defendant's cross-motion for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims and, after searching the record, determined that plaintiffs were entitled to summary judgment on their Labor Law § 240 (1) claim.
As a preliminary matter, we dismiss the appeal from the order in appeal No. 1 insofar as it denied those parts of defendant's cross-motion seeking summary judgment dismissing plaintiffs' Labor Law
§§ 240 (1) and 241 (6) claims (see Burns v Lecesse Constr. Servs. LLC, 130 AD3d 1429, 1431-1432 [4th Dept 2015]; Loafin' Tree Rest., Inc. v Pardi [appeal No. 1], 162 AD2d 985, 985 [4th Dept 1990]). The contentions relating to that part of the order in appeal No. 1 are appropriately the subject of the order in appeal No. 2.
In appeal No. 1, we agree with defendant that the court erred in granting plaintiffs' motion for summary judgment on their Labor Law
§ 200 claim. We reject defendant's further contention, however, that the court erred in denying defendant's cross-motion insofar as it sought summary judgment dismissing that claim. We conclude that the parties' submissions demonstrate that there is a question of fact whether plaintiff's conduct was an intervening superseding cause of his injuries. The record is clear that defendant failed to
de-energize VCB #6, but the record further establishes that electricians are supposed to test the wires for high voltage and attach grounds for protection and that plaintiff would have been expected to do so. Under the circumstances of this case, a question of fact exists whether plaintiff's conduct constitutes an unforeseeable, superseding act "sufficient to break the causal chain, thus absolving defendant of any claimed liability" (Haughton v T & J Elec. Corp., 309 AD2d 1007, 1009 [3d Dept 2003], lv denied 1 NY3d 508 [2004]; see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980], rearg denied 52 NY2d 784 [1980]; Neumire v Kraft Foods, 291 AD2d 784, 785 [4th Dept 2002], lv denied 98 NY2d 613 [2002]; Pomeroy v Buccina, 289 AD2d 944, 945 [4th Dept 2001]). We therefore modify the order in appeal No. 1 by denying plaintiffs' motion for summary judgment on their Labor Law § 200 claim.
In appeal No. 2, we agree with defendant that, upon reargument, the court erred in denying defendant's cross-motion insofar as it sought summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims. With respect to the Labor Law § 240 (1) claim, defendant met its initial burden on the cross-motion of establishing that plaintiff was not engaged in "cleaning" the VCBs for the purposes of Labor Law § 240 (1) based on the factors set forth in Soto v J. Crew, Inc. (21 NY3d 562, 568 [2013]). In particular, defendant's submissions demonstrated that the work was "the type of job" that was performed routinely and recurrently "with relative frequency as part of the ordinary maintenance and care of a commercial property" (Healy v EST Downtown, LLC, 38 NY3d 998, 1000 [2022]), and plaintiffs' original motion referred to the work accordingly as "certain inspection, testing and maintenance service work." Moreover, the risk inherent in the work resulted not from gravity but from the high voltage of the VCBs and, therefore, the work did not implicate the "core purpose of Labor Law § 240 (1)" (Soto, 21 NY3d at 568). Thus, we conclude that defendant established that, rather than cleaning, plaintiff was engaged in "routine maintenance in a non-construction, non-renovation context" to which section 240 (1) does not apply (Ozimek v Holiday Val., Inc., 83 AD3d 1414, 1415 [4th Dept 2011]; see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528 [2003]), and we conclude that plaintiffs failed to raise a triable issue of fact in opposition. We further conclude that defendant met its initial burden of demonstrating that plaintiff's work was not within the coverage of Labor Law § 241 (6), which is limited to work performed in the context of construction, demolition, or excavation (see Nagel v D & R Realty Corp., 99 NY2d 98, 102 [2002]; Deangelis v Franklin Plaza Apts., Inc., 189 AD3d 772, 773 [2d Dept 2020]), and we conclude that plaintiffs failed to raise a triable issue of fact in opposition. We therefore reverse the order insofar as appealed from in appeal No. 2, grant defendant's cross-motion in part, and dismiss plaintiffs' Labor Law §§ 240 (1) and 241 (6) claims.
Entered: August 11, 2023
Ann Dillon Flynn
Clerk of the Court